UNITED STATES of America, Plaintiff,

v.

Donald R. WRIGHT, et al., Defendants.

No. F81-048 CIVIL.

United States District Court,
D. Alaska.

Feb. 24, 1986.

Michael R. Spaan, U.S. Atty., Anchorage, Alaska, F. Michael Kovach, Jr., Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, D.C., for plaintiff.

Robert M. Kane, Jr., Seattle, Wash., Thomas O. McLaughlin, Anchorage, Alaska, for defendants.

ORDER

HOLLAND, District Judge.

This action was brought under 26 U.S.C. §§ 7401 and 7403 to reduce to judgment an assessment of federal income taxes allegedly owed by Defendants for the years 1971, 1972, and 1973. Now before the Court is the stipulation of the parties that the case be submitted for decision without trial based on the present record.

As noted in the Court's order of October 8, 1985, the threshold determination here is whether Plaintiff mailed the requisite notice of deficiency in full compliance with 26 U.S.C. § 6212 which, in relevant part, provides:

> (a) In general.—If the Secretary determines that there is a deficiency in respect of any tax ... he is authorized to send notice of such deficiency to the taxpayer by certified mail or registered mail.

After the statutory notice is mailed, the taxpayer has ninety days within which to petition the Tax Court of the United States for a redetermination. 26 U.S.C. § 6213(a). No collection action may be maintained against the taxpayer until notice has been mailed and the ninety-day period has run, and, if a petition has been filed with the Tax Court, until the judgment of that court has become final. *Id.* The IRS must send a deficiency notice before it may assess, collect, or reduce to judgment most income tax liabilities. This notice is valid—even if not received by the taxpayer—when mailed to his or her last known address. *United States v. Zolla,* 724 F.2d 808, 810 (9th Cir.1984), *cert. denied,* 469 U.S. 830, 105 S.Ct. 116, 83 L.Ed.2d 59 (1985). If the notice were mailed in compliance with the foregoing, the Court must then consider Defendants' other grounds for dismissal; if not so mailed, this case must be dismissed.

The record consists mostly of an extensive stipulation of facts. Briefly, the relevant undisputed facts are as follows.

**2**

During 1971 to 1974, Donald Wright and his wife Carol[1] lived at 1104 Southampton Drive in Anchorage. That address appeared on the tax returns the couple filed for those years, and mail directed to that address continued to reach Donald Wright even though he spent the winter of 1974–1975 in Hawaii. At first, mail was forwarded to him by friends and relatives who lived at the Southampton Drive residence; later, mail was forwarded as a result of a change of address form sent by Donald and Judith Wright to the post office. When the Wrights returned to live in Alaska in May of 1975, they again directed the post office to forward their mail, this time to a postal box in Fairbanks where they were staying with relatives.

During this time, the IRS investigation of the tax status of Donald and Carol Wright had progressed through both civil and criminal divisions. Following adoption of a report recommending that the criminal investigation be dropped, the audit division determined in the summer of 1975 that a civil action would be instituted to recover amounts allegedly owed as taxes for the years 1971, 1972, and 1973. The IRS asserts that it sent a deficiency notice on or about July 10, 1975, to Donald and Carol Wright at the Southampton Drive address. Defendants argue that such a notice was not mailed.

The IRS manual details the procedures to be followed by IRS employees in keeping a record of the mailing of notices of deficiency. The notices are to be sent by certified mail, and the certified mailing receipt (also known as a "form 3877") is filled out and retained. In practice, that form was usually attached to a copy of the notice and placed in the file. These forms are highly probative and have been held sufficient to establish, in the absence of contrary evidence, that notice has been properly given. *United States v. Zolla*, 724 F.2d at 810. The IRS also maintains a daily log of such mailings. This log contains the taxpayer's name and the certified mail number for all deficiency notices mailed.

Some time after July 10, 1975, the Wrights' file with the audit materials and tax returns was lost. The daily log has since been discarded.

The IRS has acknowledged that it has only two ways of establishing proof of mailing, both of them indirect. The first involves the date-stamped copy of the notice. The IRS contends that such date-stamping, regularly done when a notice is ready for mailing, taken together with the presumption of official regularity, *United States v. Ahrens*, 530 F.2d 781, 785 (8th Cir.1976), establishes that the requisite mailing was made. The second involves a memorandum prepared by an IRS appeals officer, John Yamada, who met with the Wrights in Seattle in 1980. His report mentions some of the issues discussed at that meeting and specifically notes, apparently in reference to the deficiency notice[2], that "[t]he administrative file indicated the notice was returned undeliverable." This comment, Plaintiff argues, demonstrates that the file contained the deficiency notice, returned undeliverable, thus establishing that it had indeed been mailed.

▮ The Court has weighed the evidence on the question of whether a deficiency notice was mailed to Defendants and finds that Plaintiff has failed to prove such mailing by a preponderance of the evidence. These two pieces of evidence, either singly or together, are not sufficient to convince the Court that a deficiency notice was in fact sent by certified mail to Defendants as required by 26 U.S.C. § 6212. A date-stamped copy of the deficiency notice clearly does not suffice, and a single line in a report written five years later is not convincing on the issue of compliance. The presumption of official regularity, while appropriately relied upon in cases such as *Ahrens* where the form 3877 has been re-

---

**1.** Donald and Carol Wright were divorced in 1974 and he married Judith Wright later that year.

**2.** The Wrights argue that the reference was not to the deficiency notice, but rather to the assess-

ment notice required by 26 U.S.C. § 6303(a). This contention is weak. The Wrights have stipulated to receipt of those assessment notices, so the reference could not have been to them, as they were not "undeliverable".

tained along with other evidence, will not provide much in the way of assistance in a case such as this where foundational evidence of certified mailing is entirely lacking. In any event, that doctrine hardly seems applicable in a case involving repeated administrative errors as have occurred here.[3]

Finally, the IRS argues that the Wrights ought to have raised the issue of mailing earlier. This contention is frivolous and without merit. There is no time limit on the assertion of valid defenses, and no indication that this defense, if not made at some particular time, is waived.

The deficiency notice not having been mailed, this action cannot be maintained. *United States v. Zolla,* 724 F.2d at 810. The Clerk of Court shall enter an order dismissing the complaint with prejudice.

---

**3.** Besides the lost file and the discarded log, the IRS also mistakenly abated the three assessments made against the Wrights. In the summer of 1976, the IRS not only sent the Wrights notices of abatement of all taxes and penalties, but also credited them for overpayments in the amount of $688.54 for 1971 and $44.84 for 1973. In 1978, the IRS again reversed course and concluded that those abatements had been erroneously made and re-assessed the tax deficiencies for all three years.