PETER AND MARY PIETANZA, PETITIONERS *v.*
COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 29531-87.  Filed March 30, 1989.

*Michael D. Savage,* for the petitioners.
*Richard D. Goldman,* for the respondent.

OPINION

COHEN, *Judge:* This case was assigned to Special Trial
Judge Buckley pursuant to the provisions of section
7443A(b) of the Internal Revenue Code of 1986 and Rules
180 and 181.[1] After a review of the record, we agree with
and adopt her opinion which is set forth below.

FINDINGS OF FACT AND OPINION OF THE SPECIAL TRIAL
JUDGE

BUCKLEY, *Special Trial Judge:* This case is before us on
cross-motions to dismiss for lack of jurisdiction. Petitioners
have moved to dismiss this case for lack of jurisdiction on
the alternative grounds that (1) no notice of deficiency was
mailed to petitioners, (2) any notice mailed to petitioners
was not mailed to them at their last known address, and (3)

---

[1] All section references are to the Internal Revenue Code of 1954 as amended and in effect
during the year in issue, unless otherwise indicated. All Rule references are to the Tax Court
Rules of Practice and Procedure, unless otherwise provided.

any notice which was mailed was barred by the statute of limitations. Respondent has moved to dismiss this case for lack of jurisdiction on the ground that the petition was not filed timely pursuant to section 6213.

Petitioners have resided at 1560 Kearney Drive, North Brunswick, New Jersey 08902, at all relevant periods herein. They received a notice at that address from the Internal Revenue Service, Holtsville, New York, (Form 3552) dated September 16, 1985, titled Statement of Tax Due on Federal Tax Return, for their 1980 tax year indicating a balance due as follows:

```
"TAX......................................................  $122,869.00
NEG PEN .................................................      6,143.00
INT........................................................     98,781.47
                                                              227,793.47"
```

This statement indicated an assessment date of September 4, 1985.

Petitioners subsequently received from the Internal Revenue Service (IRS) an undated communication (Form 8125) which referred to their 1980 year, the "balance of prior assessments" in the amount of $227,793.47, together with "late payment penalty" of $14,197.28 and "interest" of $41,910.19, for a "total amount due" of $283,900.94.

Petitioners allege they executed a Form 872, Consent to Extend Time to Assess Tax, in regard to 1980 which expired on April 15, 1985. They further allege that the Internal Revenue Service did not send them a notice of deficiency for 1980 either prior to or after that date.

Respondent alleges that on April 15, 1985, a statutory notice of deficiency was mailed to petitioners in regard to their 1980 year and that the notice was sent by certified mail to 1560 Kearney Drive, North Brunswick, New Jersey 08902. In support of his allegations, respondent attached to his motion to dismiss postal service Form 3877, Application for Registration or Certification, with an April 15, 1985, postmark date from the Newark, New Jersey, U.S. Postal Service, indicating a mailing to petitioners on that date.[2]

The petition herein was filed on September 1, 1987, substantially more than the 90 days during which this

[2]On the top of Form 3877 is stamped "Statutory Notice of deficiencies for the year(s) indicated, have been sent to the following taxpayers." The form contains petitioners' name, address, and identification of the year involved.

Court has jurisdiction pursuant to section 6213(a), if a notice of deficiency in fact was mailed on April 15, 1985, to petitioners.

Respondent is unable to locate his administrative file in this matter, and accordingly, is unable to provide the Court (or petitioners) with a copy of a notice of deficiency for 1980. Further, there is no indication in this record, other than the bare existence of postal service Form 3877, that a notice of deficiency is, or ever was, in existence. We know only that a draft of a notice was prepared.

Various communications between the Internal Revenue Service and counsel for petitioners serve only to confuse this matter further. When petitioners received the Statement of Tax Due (Form 3552) from the Internal Revenue Service in September of 1985, their counsel wrote to the IRS office which issued the statement under date of November 20, 1985, enclosing a copy of the consent Form 872, extending the statute of limitations to April 15, 1985, and alleged that the tax had been assessed after the expiration of the statute of limitations.

The answer of February 10, 1986, which he received from the Chief, Tax Support Section, IRS, Holtsville, New York, had no reference whatsoever to the issuance of a notice of deficiency. Rather, it stated in relevant part:

In reference to your letter of November 20, 1985, please be advised that the Statute of Limitations does not apply in your case. The law states that a 25-percent omission of income extends the statute to 6 years and fraud extends the statute indefinitely.[3]

Next, petitioners' counsel by letter dated February 21, 1986, wrote in response to the IRS, Holtsville, as follows:

We have absolutely no reason to believe that a 25-percent omission of income or an issue of fraud is involved in this case which would extend the statute of limitations beyond 3 years. Indeed, when the taxpayers signed their last Form 872, it was clear that any adjustments to their tax liability would derive from corresponding adjustments on returns of partnerships in which the taxpayers were partners—partnerships which, we know for a fact, reported *losses* for the 1980 taxable year. Accordingly, it is still our position that the statute of limitations has expired.

---

[3]We note that the Form 3552 indicates an addition to tax for negligence, not for fraud.

> In addition, although the Service assessed the taxpayers for $227,793.47 on September 4, 1985, the taxpayers have never received a Notice of Deficiency or any other document explaining the assessment. Kindly provide an explanation for the assessment at once.

Further, he wrote again on February, 27, 1986, in response to another statement of tax due, repeating that petitioners never received a notice of deficiency, that the statute of limitations had expired, and enclosing copies of previous correspondence to the Chief, Taxpayer Assistance Section, IRS, Holtsville. The record does not indicate what, if any, response was received to these two letters.

Petitioners' counsel, on March 5, 1986, filed a request pursuant to the Freedom of Information Act (FOIA) on behalf of petitioners requesting the following information:

> All material in your files relating to the federal income tax return (Form 1040) filed by Peter and Mary Pietanza for the year ended December 31, 1980, including (but not necessarily limited to) the tax return itself and all accompanying statements and schedules, correspondence between the Internal Revenue Service and the taxpayers or their representatives regarding said return, reports (internal or otherwise) of examining or other agents prepared in connection with or following an examination or other review of said return, Forms 872 or comparable forms signed by the taxpayers, 30-day letters, 90-day letters, closing agreements, waivers of restriction on assessment, and other documents pertaining to said return.

The response of the IRS to the FOIA request, as all other IRS responses in this record, did not mention that a notice of deficiency had been issued. Rather, it stated that the documents requested

> "are all exempt from disclosure under the provisions of the Freedom of Information Act, 5 U.S.C. 552 exemptions (b)(3); (b)(5); (b)(7)(A), (B), (D), and (E) in conjunction with the statutory exemption cited in 26 U.S.C. 6103 (e)(7)."

Petitioners persisted in their inquiries of the IRS. On June 15, 1987, their counsel reiterated that tax was not due for their 1980 year because the statute of limitations had expired and because they had not received a notice of deficiency. He wrote essentially the same letter to the IRS on July 15, 1987. On August 17, 1987, petitioners received yet another letter from the IRS which failed to mention the existence of a notice of deficiency. That letter stated:

In reply to your recent inquiry please be advised that we have previously explained that the statute of limitations does not apply in your case. If you would like a reopen audit you must file a 1040X with all backup information to substantiate your claim.

We do not have before us any communication prior to the petition herein from the IRS in which they alleged the existence of a notice of deficiency. Additionally, we note that there is similarly no statement admitting that such a notice was *not* in existence.

Petitioners thereupon filed their petition in this Court on September 1, 1987.

Both petitioners have filed affidavits that they never received a notice of deficiency with respect to their 1980 tax year, that they have never seen such a document, and that to the best of their knowledge and belief, no advisor of theirs ever received such a document.

Respondent concedes that he is unable to locate the administrative file in this case. He has not provided the Court with a copy of the notice of deficiency as issued. Respondent has provided postal service Form 3877 indicating that a notice of deficiency was mailed to petitioners by certified mail for their 1980 year at their Kearney Street address on April 15, 1985. Further, after the hearing herein, respondent has provided the Court with a sample notice, discussed below, which he alleges is the notice of deficiency issued to petitioners. Respondent has supported the sample notice with two affidavits. The first is from Revenue Officer Ana Huambachano in which she averred that during April of 1985 she was assigned to the Quality Review Staff of IRS and that one of her duties was the preparation of notices of deficiency. She goes on to state that sometime prior to April 12, 1985, she prepared a notice of deficiency for petitioners for their 1980 tax year. She retained a copy of the notice as a sample and it was submitted to the Court as an exhibit (hereafter the sample notice).

Respondent has also supplied the affidavit of Theodore H. Feindt, Chief of the Quality Review Staff at the Newark District, both now and in 1985. Mr. Feindt's affidavit indicated that Ms. Huambachano prepared a notice of deficiency. An IRS transmittal memorandum dated April 12, 1985, indicates it (along with the administrative file) was

sent to and later returned from the Acting District Counsel who indicated that he agreed with the action taken. Lastly, IRS records indicate the draft notice was sent by hand to Centralized Services Branch on April 12, 1985, along with the administrative file for typing.

The sample notice retained by Ms. Huambachano was her draft. There is nothing in this record to indicate it was ever dated or signed by an appropriate IRS officer, or that it was in fact the notice approved by Acting District Counsel. Further, a review of the first page of the sample notice indicates a deficiency amount for 1980 of $129,012 and no addition for negligence. We note that the statement of tax due dated September 16, 1985, listed a tax of $122,869 and negligence addition of $6,143, two figures which add to $129,012. Thus, the front page of the sample notice appears to be incorrect. We also note the sample notice indicates an addition to tax under the provisions of section 6621(d) in the amount of 120 percent of the interest due on $122,869. However, the collection notices make no such mention of this addition, nor is it mentioned on the front page of the sample notice. A review of the statements attached to the sample notice indicates taxable income was increased by $3,069 through disallowance of a partnership loss from a claimed $354,344 to $351,275.[4] Thus, the various suggestions of the IRS to petitioners that the statute of limitations had not run on their 1980 return because of the 6-year statute in the event of a 25-percent omission from gross income, or an indefinite extension in the case of fraud are in no manner supported by the sample notice. Sec. 6501(c) and (e).

The most we can conclude from the record placed before us is that a draft of a notice of deficiency was prepared. We cannot conclude that the sample notice presented to us was, in fact, the notice of deficiency. We also conclude that respondent, in his various confusing replies to petitioners' search for information, never advised them of the existence of or issuance of a notice of deficiency, from its alleged mailing date of April 15, 1985, until respondent filed his objection to petitioners' motion to dismiss and his cross-

---

[4]The statements to the sample notice indicate that most of the underpayment resulted from disallowance of investment tax credits.

motion to dismiss on October 26, 1987. Further, respondent is unable to supply a copy of the notice of deficiency although he states, without further elaboration, that he has the petitioners' return and the Form 872 consent filed by petitioners for their 1980 year, items usually included in the administrative file along with the deficiency notice. Respondent did not supply a certified copy of Form 3877. He did not present any evidence as to mailing procedures in the Newark office. Neither the affidavit of Ms. Huambachano nor that of Mr. Feindt states that the sample notice was the same notice which was sent for typing. There is no affidavit or other evidence to indicate that the notice was ever typed, other than the uncertified Form 3877.

Respondent reminds us that our jurisdiction is limited to those cases where a petition has been filed in this Court within the time constraints of sections 6213 and 7442. Petitioners on the other hand, remind us that we have no jurisdiction over this matter unless a notice of deficiency was mailed. The one thing that is clear is that we have no jurisdiction over this case. Our task is to decide whether we lack jurisdiction because no statutory notice of deficiency has been issued or because a valid notice was issued but the petition was not timely filed.

Respondent's argument, in effect, is that postal service Form 3877 coupled with the sample notice is proof that a notice of deficiency was mailed on April 15, 1985. We do not agree.

It is well settled that to maintain an action in this Court there must be a valid notice of deficiency and a timely filed petition. See *Pyo v. Commissioner,* 83 T.C. 626, 632 (1984); *Mollett v. Commissioner,* 82 T.C. 618, 623 (1984), affd. without published opinion 757 F.2d 286 (11th Cir. 1985); *Keeton v. Commissioner,* 74 T.C. 377, 379 (1980). The petition must be filed within 90 days after the notice of deficiency is issued. Sec. 6213(a). If respondent issued a valid notice of deficiency, the petition must be dismissed for lack of jurisdiction as untimely. In that event, petitioners would not be entitled to challenge the merits of the deficiency in this Court, but would be required to pay the full assessment and file a claim for refund prior to challenging the merits of the assessment in court through a

suit for refund. Sec. 7422; *Flora v. United States,* 362 U.S. 145 (1960). However, if jurisdiction is lacking because of respondent's failure to issue a valid notice of deficiency, we will dismiss the case on that ground, rather than for lack of a timely filed petition. *Keeton v. Commissioner, supra* at 379.

A valid notice of deficiency has been issued if it is mailed to the taxpayer's last known address by certified or registered mail. Sec. 6212(a) and (b). Respondent has made a mailing to petitioners on April 15, 1985, to the same address in North Brunswick, New Jersey, which they have indicated to be their present address as well as their address on April 15, 1985. Accordingly, we need not consider further petitioners' argument as to respondent's failure to make a mailing to their last known address.

It is also clear that where a notice of deficiency is sent to taxpayer's last known address, it is valid whether or not petitioners received it. *Tadros v. Commissioner,* 763 F.2d 89 (2d Cir. 1985); *Cool Fuel, Inc. v. Connett,* 685 F.2d 309, 312 (9th Cir. 1982); *Estate of McKaig v. Commissioner,* 51 T.C. 331, 335 (1968).

The parties have been unable to provide the Court with citation to any case in which Form 3877, standing alone and without other corroboration of the existence of a notice of deficiency, has been held sufficient to prove both the existence of the notice as well as the proof of its mailing. We thus consider this a case of first impression, but limit our holding to the unusual facts present herein.

We first consider upon which party the burden of proof in regard to the existence of a notice must be placed. Our usual rule would be to place the burden of proof upon the party whose motion is under consideration. *Southern California Loan Association v. Commissioner,* 4 B.T.A. 223 (1926); *Casqueira v. Commissioner,* T.C. Memo. 1981-428. Here, however, we consider motions to dismiss by both parties. We conclude respondent must bear the burden of establishing both the existence of a notice of deficiency to petitioners for their 1980 year as well as the date of its mailing. *Casqueira v. Commissioner, supra.* Under the facts of this case, we cannot place upon petitioners the burden of

proving the nonexistence of a notice which they swear they have never seen and which respondent is unable to provide.

Respondent has shown that a draft of a notice of deficiency (the sample notice) was prepared sometime in April 1985 by a revenue agent assigned to the Quality Review Staff. The Quality Review Staff is charged, inter alia, with preparation or direction of preparation of statutory notices of deficiency. Internal Revenue Manual, Administration, sec. 11(12)1.12 (1986). The sample notice on its front page indicated a deficiency amount which was incorrect according to the "Statement—Income Tax Changes" attached to it. The front page failed to indicate either an addition under section 6653(a) in the amount of $6,143 or an addition to interest under then section 6621(d) of the Code. The Internal Revenue Manual, Audit, section 4464.14 (1983), requires that when Form 531 is utilized (as in the sample notice) the letter part of the notice should indicate in the upper right hand corner the amount of the deficiency, the kind of tax, the taxable years involved, and the type and amount of each "penalty" (addition to tax) separately shown. Thus, on its face, the sample notice appears incorrect.

Internal controls of the IRS indicate that the draft notice was forwarded with the administrative file by hand to the Centralized Services Branch on April 12, 1985. Respondent has also shown that Acting District Counsel approved by memorandum the issuance of a proposed notice of deficiency to petitioners for their 1980 year. The proposed notice and the administrative file were returned to the Chief, Quality Review Staff, with this remark: "Upon the issuance of the proposed statutory notice, a copy in typewritten form should be forwarded to this office." Respondent apparently is unable to locate this copy.[5] Respondent has failed to supply the Court with any information which would serve to indicate that the sample notice was the draft notice sent to and agreed to by District Counsel or that it was the notice which was subsequently sent to Centralized Services for typing and mailing. We will not make the assumption under

---

[5] The Internal Revenue Manual, Audit, sec. 4463.4 provides that statutory notices will generally be prepared in triplicate, with original and one copy to the taxpayer and the remaining copy to the administrative file. Thus, District Counsel's request is apparently for one additional copy.

the facts herein that the sample notice is proof of a notice of deficiency for 1980 addressed to petitioners.

Respondent, by response to petitioners' motion, suggests that his inability to locate the administrative file, is somehow the fault of petitioners' "stale claim." We can be sympathetic with respondent's difficulty in locating the administrative file, considering the immensity of the number of files with which he must concern himself. We reject categorically, however, the implication that the loss is explicable through the lateness of petitioners' claims. The record is clear that these petitioners promptly and assiduously sought information from the IRS from the time the first statement of tax due was received. The record does not reveal that at any time the IRS advised them of the issuance of a notice of deficiency. They received, instead, letters that indicated there was no statute of limitations problem because either a 6-year statute was applicable or fraud was involved. When they finally sought help, unsuccessfully, through the Freedom of Information Act, requesting inter alia a copy, if any, of a deficiency notice, they were advised that all documents were exempt from disclosure. They were specifically advised "We have determined the release of this information at this time would seriously impair Federal tax administration." Once again it must be emphasized that at no time, until the parties were in this Court, did respondent allege that a notice of deficiency was mailed to petitioners. Either respondent made no bona fide attempt to respond to petitioners' inquiries about the tax collection notices or in fact no deficiency notice was mailed.

We have considered the decision of the Eighth Circuit in *United States v. Ahrens,* 530 F.2d 781 (8th Cir. 1976), where the United States brought a collection action to recover unpaid tax assessments. There, as in this case, all copies of the notice of deficiency were lost, and the Government offered a Form 3877 which indicated that the notice had been sent on June 22, 1966. The court in *Ahrens* stated that the proof proffered by the Government established as a matter of law that a notice was mailed to the taxpayer and to his attorney on the indicated date. However, in *Ahrens,* unlike the case at bar, the Government had more than a bare Form 3877 to prove the existence of its notice. The

Government produced a letter from the taxpayer's attorney to the IRS in which he specifically referred to the June 22, 1966, letter thus corroborating the Form 3877. Further, the attorney stated in deposition that he was certain he had received the notice in question. In *Ahrens,* the court relied upon the so-called presumption of official regularity. That presumption, as stated in *Ahrens* at 785, is as follows:

> In our view, the presumption of official regularity controls the question of the validity of the notice of deficiency.
>
> The presumption of regularity supports the official acts of public officers and, in the absence of clear evidence to the contrary, courts presume that they have properly discharged their official duties.
>
> *United States v. Chemical Foundation, Inc.,* 272 U.S. 1, 14-15 (1926). A corollary to the general rule may be stated as follows:
>
> * * * [A]ll necessary prerequisites to the validity of official action are presumed to have been complied with, and * * * where the contrary is asserted it must be affirmatively shown. [*Lewis v. United States,* 279 U.S. 63, 73 (1929).]

Any presumption of regularity which one might assume from the Form 3877, standing alone, to indicate a mailing on a particular date of a notice of deficiency to particular taxpayers for a specific year, has been rebutted successfully by petitioners herein as a result of the various confusing and nonresponsive IRS answers to their inquiries about the collection notices, coupled with the failure of the IRS to present adequate evidence in regard to its various administrative operations in this matter. Further, in *Ahrens* there was corroborative evidence which indicated that the taxpayer's counsel had received the notice of deficiency. We have no such evidence here.

In *United States v. Zolla,* 724 F.2d 808 (9th Cir. 1984), cert. denied 469 U.S. 830 (1984), which as *Ahrens,* was an action to reduce tax assessment to judgment, the IRS had destroyed all copies of the notices of deficiency and demands for payment that had been mailed to the taxpayer. There, as here, taxpayer contended he did not receive the notices, an allegation that was not contested by the Government. In *Zolla,* the IRS proved that it had, by established routines, destroyed all copies of the notices of deficiency and demands for payment that had been mailed the taxpayer. The IRS submitted postal service Form 3877

certification and a form certifying that the assessments had been made. The taxpayer offered no contrary evidence. The Ninth Circuit held that these certificates, in the absence of contrary evidence, were highly probative and sufficed to establish that the notices and assessments were properly made. Unlike *Zolla,* however, we do not conclude that the presumption of official regularity controls the outcome of this case. First, we have not had presented to us evidence following the trail of the sample notice to the Centralized Services Branch. We do not even have a certified copy of the Form 3877 before us, nor have we any testimony regarding its preparation or normal office procedure in regard to preparation. In *Zolla,* the IRS proved its case. Here, they did not. We note that not until petitioners filed their petition with this Court did any representative of respondent allege that there was a notice of deficiency in existence, despite repeated unsuccessful attempts by petitioners over a 2-year period to inquire into the basis of the collection notices. The inconsistent and confusing statements by the IRS to petitioners have served to overcome any such presumption which might ordinarily operate in favor of the IRS.

We have also considered the recent decision of the Fifth Circuit in *Keado v. United States,* 853 F.2d 1209 (5th Cir. 1988), an action to enjoin the collection of taxes, which relied upon the *Zolla* reasoning in a case similar to the one at bar. There, as here, the taxpayer did not receive a notice of deficiency. There, as here, taxpayers repeatedly wrote to various offices of the IRS complaining that a notice of deficiency had not been mailed prior to the making of assessments. However, unlike the case at bar, there was a copy of the notice of deficiency in existence. The sole question thus became that of the mailing of the notice, rather than of its existence. The Government provided evidence as to the procedure for mailing statutory notices, specific to the notice in question, a postal service Form 3800, receipt for certified mail and postal service Form 3877-A. This evidence sufficed to prove the *mailing* of the notice.

Respondent's proof in this matter is deficient. First, we note respondent has made no attempt to present evidence

indicating that a final notice was typed, dated, and signed. The last link in the chain of evidence he presents this Court is that a draft notice together with the administrative file was handcarried from Quality Review Staff to Centralized Services Branch on April 12, 1985. There the chain of evidence is broken. Respondent has presented no proof that a notice was ever typed for issuance. Unlike the procedure respondent usually follows where he is attempting to prove the mailing (rather than the existence) of a notice of deficiency, he has made no attempt to introduce evidence establishing his procedures for the preparation of notices in the Centralized Services Branch and their subsequent mailing. As we noted in *Cataldo v. Commissioner*, 60 T.C. 522, 524 (1973), affd. 499 F.2d 550 (2d Cir. 1974):

This Court simply requires the respondent to establish his procedure for the mailing of such notices and to introduce evidence showing that such procedure was followed in the case before it. *Angelo Vitale*, 59 T.C. 246 (1972); *Raymond S. August*, 54 T.C. 1535 (1970). * * *

We recently considered the inverse side of this question in *Magazine v. Commissioner*, 89 T.C. 321 (1987). In that case the notice of deficiency, dated March 29, 1983, was in existence. The petition was filed more than 3 years beyond the 90-day period set forth in section 6213. Respondent had destroyed the postal service Form 3877, and we considered whether respondent could prove the mailing and date of mailing by means of employee "habit evidence" regarding the mailing of statutory notices. Respondent did not present evidence of mailing or any direct testimony that the notice was mailed. We held that while such habit evidence was admissible, it did not, standing alone, meet respondent's burden to show that the notice was in fact mailed. In *United States v. Wright*, 658 F. Supp. 1 (D. Alaska 1986), a collection action, the Government had lost the administrative file and had long since discarded the daily log of mailings, but did have a date-stamped copy of the deficiency notice. The District Court held that the date-stamped deficiency notice, standing alone, did not prove the requisite mailing of the notice and dismissed the Government's complaint.

Unlike *Magazine*, respondent herein has failed to present any evidence that the notice of deficiency was typed,

signed, and dated. He has presented only an uncertified copy of postal service Form 3877, indicating no more than that an envelope was mailed to petitioners on April 15, 1985.[6] This cannot suffice to meet his burden. We also must consider the failure of respondent to present any evidence other than Form 3877. We do not make the assumption that respondent is in possession of additional evidence in this matter. If we believed so, we would presume that such evidence would be unfavorable to him if produced. See, e.g., *Davis v. Commissioner*, 88 T.C. 122, 143 (1987); *Wichita Terminal Elevator Co. v. Commissioner*, 6 T.C. 1158, 1165 (1946), affd. 162 F.2d 513 (10th Cir. 1947).

Even if respondent had placed into evidence certificates of the assessments he apparently made against petitioners, we do not believe that the fact of assessment, standing alone, would serve to prove respondent had fulfilled the pre-existing requirement of the issuance of a notice of deficiency. It is not unknown for assessments to have been made erroneously without the issuance of a notice of deficiency. See, e.g., *United States v. Williams*, 161 F.Supp. 158 (E.D.N.Y. 1958); *Farley v. Scanlon*, an unreported case (E.D.N.Y. 1964, 13 AFTR 2d 932, 64-1 USTC par. 9371).

We hold respondent has failed to prove the mailing of a valid notice of deficiency, and accordingly, petitioners' motion to dismiss for lack of jurisdiction will be granted.

*An appropriate order will be entered.*

Reviewed by the Court.

CHABOT, WHITAKER, CLAPP, SWIFT, WRIGHT, PARR, WILLIAMS, WELLS, WHALEN, and COLVIN, *JJ.*, agree with the majority opinion.

NIMS, *C.J.*, concurs in the result only.

KÖRNER, *J.*, dissents.

---

RUWE, *J.*, dissenting: I agree that this case should be dismissed. I do not think we should have dismissed it by granting petitioners' motion. It is unnecessary to find a

---

[6]In *Luten v. Commissioner*, T.C. Memo. 1975-106, we granted the taxpayer's motion to dismiss for lack of jurisdiction on the ground that only a blank form of a notice had been sent to him.

specific factual basis for our lack of jurisdiction where petitioners fail to allege or invoke our jurisdiction. I also believe that the majority failed to properly apply the presumption of official regularity.

## A. *Jurisdiction*

Since we are a court of limited jurisdiction, a taxpayer must allege jurisdictional facts. *Peruna Co. v. Commissioner,* 11 B.T.A. 1180, 1187 (1928). Rule 34(b)(2) requires that a petition to this Court include "The date of the notice of deficiency or liability, or other proper allegations showing jurisdiction in the Court, and the City and State of the office of the Internal Revenue Service which issued the notice." Rule 34(b)(8) requires that a copy of the notice of deficiency be appended to the petition. These requirements exist because a notice of deficiency is a taxpayer's "ticket" to the Tax Court. *McKay v. Commissioner,* 89 T.C. 1063, 1070 (1987); *Mulvania v. Commissioner,* 81 T.C. 65, 67 (1983). In this case, it is clear that the petitioners' only real argument is that they were never given their ticket and that we should decide that we have no jurisdiction to hear their case.[1]

On the surface, this case appears to be a futile action on petitioners' part. Without going beyond petitioners' allegations, it is clear that we must dismiss because there is a total failure to state a claim over which we have jurisdiction to grant any relief. Respondent agrees we have no jurisdiction albeit for different reasons. Inasmuch as it is patently clear that there is no possibility that we have jurisdiction, there is no need to hold a hearing, review evidence, and make difficult legal decisions. Granted, we have jurisdiction to decide our own jurisdiction, but one would think this to be a simple matter when the petitioners argue there is none, allege facts that if proven would remove any doubt, and respondent is not arguing for a different result. Under such circumstances, we should dismiss for petitioners' failure to allege or invoke the jurisdiction of this Court. It is a waste

---

[1]Petitioners originally claimed in the alternative that the notice was mailed to the wrong address. As the majority finds, this alternative claim was without merit. (Majority opinion at p.    )

of our time and an improper use of our authority to go further.

I must acknowledge that we have deemed it appropriate (if not necessary) in past cases to decide the grounds for our lack of jurisdiction even though both parties argued that we lacked jurisdiction. See *Pyo v. Commissioner*, 83 T.C. 626 (1984) and *Shelton v. Commissioner*, 63 T.C. 193 (1974). In such cases, unlike the instant case, the parties were in agreement that the IRS had actually prepared and mailed notices of deficiency. The taxpayers in those cases were claiming that the notices were improperly addressed. It was arguably necessary, therefore, to decide the factual basis for our lack of jurisdiction under the facts presented in those cases since some courts have found that jurisdiction might exist where respondent failed to use the proper last known address which resulted in the filing of a petition more than 90 days after the mailing of the notice. For a discussion of this possibility, see *Pyo v. Commissioner*, *supra* at 638. See also *Wallin v. Commissioner*, 744 F.2d 674 (9th Cir. 1984), revg. a Memorandum Opinion of this Court and *McPartlin v. Commissioner*, 653 F.2d 1185 (7th Cir. 1981), revg. a Memorandum Opinion of this Court, where improperly addressed notices of deficiency were mailed and the taxpayers filed their petitions long after the normal filing period which ends 90 days from the mailing of the notice of deficiency. The circuit courts found that petitions to this Court were proper when filed within 90 days of actual notice.

In the instant case, petitioners allege the total absence of a mailing of the notice of deficiency. If they are correct, we have no jurisdiction. If they are wrong, there are no facts alleged by either party that would support jurisdiction on any alternate approach like that taken in *Wallin v. Commissioner*, *supra* or *McPartlin v. Commissioner*, *supra*.[2] A simple dismissal because of petitioners' failure to allege any possible basis for our jurisdiction would and should decide

---

[2]By referring to *Wallin v. Commissioner*, 744 F.2d 674 (9th Cir. 1984), revg. a Memorandum Opinion of this Court and *McPartlin v. Commissioner*, 653 F.2d 1185 (7th Cir. 1981), revg. a Memorandum Opinion of this Court, I do not wish to imply agreement with the rationale of those cases. See *Roszkos v. Commissioner*, 87 T.C. 1255, 1266-1267 (1986), revd. on other grounds 850 F.2d 514 (9th Cir. 1988), for our recent discussion of *Wallin*.

nothing that would impact on the merits of the underlying factual dispute.

One could argue that if petitioners had no prepayment remedy for respondent's alleged total failure to mail a notice of deficiency we should provide that forum. However, petitioners do have a prepayment remedy. In the same statutory provision granting this Court jurisdiction to redetermine deficiencies where there is a proper notice of deficiency and a timely petition, Congress also specifically provided that if an assessment is made without first mailing the required notice "the making of such assessment or the beginning of such proceeding [for collection of the tax] or levy * * * may be enjoined by a proceeding in the *proper court,* including the Tax Court." Sec. 6213(a). (Emphasis added.) Injunctive power was first given to the Tax Court by section 6243(a) of the Technical and Miscellaneous Revenue Act of 1988, Pub. L. 100-647, 102 Stat. 3342, 3749. That section provides, however, that "The Tax Court shall have no jurisdiction to enjoin any action or proceeding under this subsection *unless a timely petition* for a redetermination of the deficiency has been filed and then only in respect of the deficiency that is the subject of such petition." Sec. 6213(a) (emphasis added). Because the petition in this case was not timely, this Court could not have issued an injunction. The proper court for petitioners to seek injunctive relief in this case is a U.S. District Court.

Our dismissal of this case does not result in claim preclusion (res judicata) regarding petitioners' tax liability since we had no jurisdiction over that question. If our disposition of this case results in issue preclusion (collateral estoppel) as to whether a notice of deficiency was mailed, we have unnecessarily usurped the District Court's jurisdiction to decide the operative facts on which to base any injunctive relief pursuant to section 6213(a). To that extent, our disposition of the instant case amounts to a declaratory judgment which we clearly do not have jurisdiction to issue in this situation.

The majority's finding regarding the mailing of the notice of deficiency should properly be characterized as dictum since there was no need to decide that issue where petitioners failed to allege any possible basis for jurisdic-

tion. As the majority opinion states, *before* it discusses the merits of the parties' respective positions, "The one thing that is clear is that we have no jurisdiction over this case." (Majority opinion at p. 735) Once that conclusion was arrived at, additional findings were unnecessary.

Petitioners never asked that we take jurisdiction of their case. They filed a petition and alleged facts which, if true, conclusively show that we have no jurisdiction. The majority's disposition results in a declaration from this Court that purportedly controls the statute of limitations defense to the underlying tax assessment and collection. Petitioners could hope for little more if we had jurisdiction, which we do not. In addition, section 6213(a) provides that a petition to this Court stays collection activity pending our decision or dismissal. The majority effectively places the burden of proof as to proper mailing of the notice of deficiency upon respondent and requires production of detailed evidence. It is therefore likely that resolution of these jurisdictional issues will take substantial time. During that time petitioner will be protected from collection activity. These are unexpected (and I submit unintended) results. to be derived from a court whose jurisdiction was never alleged and whose lack of jurisdiction was never in doubt.

The petition in this case is based upon a collection notice. The proper forum in which to contest such matters is in the U.S. District Court. That fact being abundantly clear, we should not use the scarce resources of this Court to decide facts whose only real relevance pertains to matters over which Congress has given us no jurisdiction.

## B. *Presumption of Official Regularity*

The Internal Revenue Manual, which is referred to by the majority, specifies that notices of deficiency should be sent by certified mail and that the date stamped Postal Service Form 3877, receipt of certified mail, should be retained in a separate file. Compliance with the Internal Revenue Manual procedures provides adequate proof of mailing. *Keado v. United States,* 853 F.2d 1209, 1213 (5th Cir. 1988); *United States v. Ahrens,* 530 F.2d 781, 784-786 (8th Cir. 1976). A properly prepared Form 3877, in the absence of contrary evidence, is sufficient proof that the notice of deficiency was

properly sent. *Keado v. United States, supra; United States v. Zolla,* 724 F.2d 808, 810 (9th Cir. 1984); *United States v. Ahrens, supra; Catalado v. Commissioner,* 60 T.C. 522, 524 (1973), affd. per curiam 499 F.2d 550 (2d Cir. 1974).

Respondent has introduced a copy of the appropriate Form 3877.[3] The form was prepared in accordance with Internal Revenue Manual section 4462.2. The Form 3877 is stamped "Statutory Notice of deficiencies for the year(s) indicated, have been sent to the following taxpayers." The form contains petitioners' name, address, and identification of the year involved. The form is postmarked and signed on behalf of the postmaster. Petitioners concede that the Form 3877 is foundational evidence of mailing, but argue that it is uncorroborated. Such an argument flies in the face of the aforementioned cases holding that the Form 3877 is sufficient proof of mailing in the absence of proof to the contrary.

The majority contends that any presumption of official regularity that might arise from the Postal Service Form 3877 has been successfully rebutted by petitioners. In support of this claim, the majority points to the "various confusing and non-responsive IRS answers to [petitioners'] inquiries about the collection practices, coupled with the failure of the IRS to present adequate evidence in regard to its various administrative operations in this matter." (Majority opinion at p.    ) These factors do not establish that respondent failed to follow his established procedures for mailing a statutory notice of deficiency in this case. The various responses made by IRS to petitioners' inquiries were made many months *after* the mailing date shown on the Form 3877. The nature of that correspondence is indicative of a lack of knowledge by the responding IRS employee, the absence of an available administrative file, and a bureaucratic indifference that places the respondent in a bad light. I do not wish to condone this conduct; I simply do not believe that it is sufficient to destroy the presumption of regularity that arises from the existence of the Form 3877, the information contained therein, and the respondent's actions prior to mailing evidenced by the Form 3877. The

---

[3]The majority notes that the copy of the Form is not itself certified. Inasmuch as petitioners have not challenged the authenticity of the Form, lack of its certification is meaningless.

facts show that respondent was in the process of preparing a notice of deficiency and that District Counsel had reviewed and approved it several days prior to the mailing date shown on the Form 3877. The majority finds that "something" was mailed by certified mail to petitioners at their address on April 15, 1985. (Majority opinion at p.    ) Respondent produced the Form 3877 with notations on it that the certified mailing to petitioners contained a notice of deficiency for the year in issue, all in accordance with procedures contained in the Internal Revenue Manual. It seems that the only thing missing is direct testimony by the envelope stuffer that the notice of deficiency was actually placed into the envelope.

If the presumption created by the Form 3877 can be destroyed by respondent's failure to provide testimony by the envelope stuffer, then the presumption is worth little. Likewise, respondent's failure to provide evidence of envelope stuffing procedures, containing minute details on how to place notices into envelopes (presumably to preclude the possibility that employees might otherwise think it acceptable to mail empty envelopes) should not negate the presumption created by the Form 3877.

The majority also seems to hold that the presumption of official regularity was destroyed by the respondent's failure to produce a copy of the deficiency notice. The cases discussing the presumption arising from the Form 3877 do not require that a copy of the notice of deficiency be produced and some cases note that all copies of the notice of deficiency had been destroyed. *United States v. Zolla, supra* at 810; *United States v. Ahrens, supra* at 785.

The presumption of official regularity operates to effectively preclude a court, in the absence of proof to the contrary, from insisting that the Government introduce transmittal memos and the testimony of envelope stuffers. Respondent has supplied evidence that a notice of deficiency was prepared in the days preceding the certified mailing to petitioners. Respondent also produced a copy of the Form 3877 indicating that the notice was timely mailed to petitioners at their correct address in a manner consistent with Internal Revenue Manual procedures. No more is required unless petitioners produce evidence that the notice

was not mailed. No such evidence was produced in this case.

PARKER, HAMBLEN, JACOBS, and GERBER, *JJ.*, agree with this dissent.