T.C. Memo. 2002-174

UNITED STATES TAX COURT

EVELYN PERKINS, Petitioner $v$.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 1986-02.                    Filed July 22, 2002.

Evelyn Perkins, pro se.

Thomas C. Pliske and William A. Heard III, for respondent.

MEMORANDUM OPINION

ARMEN, Special Trial Judge:  Pending before the Court is
respondent's Motion to Dismiss for Lack of Jurisdiction, filed
February 22, 2002.  The facts necessary to the disposition of
respondent's motion are as follows.

Background

On or before April 15, 2000, petitioner filed Form 1040A, U.S. Individual Income Tax Return, for the taxable year 1999. On this return, petitioner listed her address as "725 First Street, New London, MO 63459" (the 725 address).[1]

On or before April 15, 2001, petitioner filed Form 1040A for the taxable year 2000. On this return, petitioner again listed her address as the 725 address.[2]

On September 19, 2001, respondent sent petitioner a notice of deficiency. In the notice, respondent determined a deficiency in petitioner's Federal income tax for the taxable year 1999 in the amount of $3,831. Respondent sent the notice by certified mail addressed to petitioner at the 725 address.

On January 22, 2002, the Court received and filed petitioner's petition for redetermination in respect of the aforementioned notice of deficiency. The petition was received in an envelope postmarked December 19, 2001, from Woodridge,

---

[1] Petitioner attached to her 1999 return a Form W-2, Wage and Tax Statement, and a Form 1099-R, Distributions from Pensions, Annuities, Retirement or Profit-Sharing Plans, IRAs, Insurance Contracts, etc. Each of these two latter forms listed petitioner's address as "725 E. 1st St., New London, MO 63459". In the context of the present case, we regard this latter address as the equivalent of the 725 address.

[2] Petitioner attached to her 2000 return a Form W-2 and a Form 1099-R. The Form W-2 listed petitioner's address as "725 E. 1st St., New London, MO 63459". The Form 1099-R listed petitioner's address as a box number in New London, MO 63459.

Illinois.  Both the petition and the envelope in which it was mailed list petitioner's address as "712 First Street, New London, MO 63459" (the 712 address).  Attached to the petition is a copy of the September 19, 2001, notice of deficiency bearing the 725 address.

As stated above, respondent filed a Motion to Dismiss for Lack of Jurisdiction.  In the motion, respondent asserts that this case should be dismissed for lack of jurisdiction on the ground that the petition was not filed within the time prescribed by section 6213(a) or section 7502.[3]

On March 26, 2002, petitioner filed a Notice of Objection to respondent's motion.  In her objection, petitioner asserts, inter alia, that the 725 address "does not exist."  Also in her objection, petitioner lists her address as the 712 address; however, in the "Certificate of Service" attached to her objection, petitioner lists her address as the 725 address.

Pursuant to notice, respondent's motion to dismiss was called for hearing at the Motions Session in Washington, D.C. on April 24, 2002.  At that time, there was no appearance by or on behalf of petitioner, nor did petitioner file a statement pursuant to Rule 50(c), the provisions of which were referred to in the Court's Order calendaring respondent's motion for hearing.

---

[3]  All section references are to the Internal Revenue Code, as amended, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent's counsel appeared and presented argument in support of the pending motion. In particular, counsel introduced into the record copies of petitioner's above-described income tax returns for 1999 and 2000.

Following the hearing, the Court issued an Order stating that it would defer ruling on respondent's motion to dismiss for 60 days in order to afford the parties an opportunity to try to resolve administratively the substantive issues related to petitioner's tax liability for the taxable year in issue. The Court also directed that a report be filed by June 24, 2002, advising of the then present status of this matter.

On June 24, 2002, respondent filed a Status Report. In the report, respondent stated that a letter had been sent to petitioner requesting information that might have permitted the parties to resolve administratively the substantive issues in this case; respondent also stated that no response had been received from petitioner, nor had the letter been returned to respondent by the Postal Service.

Discussion

This Court's jurisdiction to redetermine a deficiency depends upon the issuance of a valid notice of deficiency and a timely filed petition. See Rule 13(a), (c); Monge v. Commissioner, 93 T.C. 22, 27 (1989); Normac, Inc. v. Commissioner, 90 T.C. 142, 147 (1988). Section 6212(a) expressly

authorizes the Commissioner, after determining a deficiency, to send a notice of deficiency to the taxpayer by certified or registered mail. A notice of deficiency is sufficient if it is mailed to the taxpayer at the taxpayer's last known address. See sec. 6212(b)(1). If the notice is mailed to the taxpayer at the taxpayer's last known address, actual receipt of the notice by the taxpayer is, for present purposes, immaterial. See King v. Commissioner, 857 F.2d 676, 679 (9th Cir. 1988), affg. 88 T.C. 1042 (1987); Yusko v. Commissioner, 89 T.C. 806, 810 (1987); Frieling v. Commissioner, 81 T.C. 42, 52 (1983); cf. sec. 6330(c)(2)(B). In turn, the taxpayer has 90 days (or 150 days if the notice is addressed to a person outside the United States) from the date that the notice is mailed to file a petition for redetermination of the deficiency. See sec. 6213(a); see also sec. 7502 (treating timely mailing as timely filing).

It is clear in the present case that the notice of deficiency was mailed to petitioner on September 19, 2001. Ninety days thereafter was Tuesday, December 18, 2001. However, the petition was not filed until January 22, 2002, and the envelope in which it was mailed to the Court is postmarked December 19, 2001, the 91st day after the notice of deficiency was mailed. Therefore, it is clear that the petition was not filed (or mailed) within the requisite 90-day period. Accordingly, it follows that we must dismiss this case for lack

of jurisdiction.

However, in view of petitioner's contention that the notice of deficiency was mailed to an address that "does not exist", which contention we regard as tantamount to a contention that the notice of deficiency was not mailed to petitioner's last known address, the issue for decision is whether the dismissal of this case should be based on petitioner's failure to file a timely petition under section 6213(a) or whether dismissal should be based on respondent's failure to issue a valid notice of deficiency under section 6212. If jurisdiction is lacking because of respondent's failure to issue a valid notice of deficiency, we shall dismiss on that ground, rather than for lack of a timely filed petition. Pietanza v. Commissioner, 92 T.C. 729, 735-736 (1989), affd. without published opinion 935 F.2d 1282 (3d Cir. 1991); Weinroth v. Commissioner, 74 T.C. 430, 435 (1980); Keeton v. Commissioner, 74 T.C. 377, 379-380 (1980).

Although the phrase "last known address" is not defined in the Internal Revenue Code, we have held that absent clear and concise notice of a change of address, a taxpayer's last known address is the address shown on the taxpayer's return that was most recently filed at the time that the notice was issued. King v. Commissioner, supra at 681; Abeles v. Commissioner, 91 T.C. 1019, 1035 (1988); see sec. 301.6212-2, Proced. & Admin. Regs. In deciding whether the Commissioner mailed a notice to a

taxpayer at the taxpayer's last known address, the relevant inquiry "pertains to * * * [the Commissioner's] knowledge rather than to what may in fact be the taxpayer's most current address." Frieling v. Commissioner, supra at 49.

Respondent mailed the notice of deficiency to the address listed on petitioner's 2000 return--the last return filed by petitioner prior to the mailing of the notice on September 19, 2001. Consequently, the notice of deficiency was mailed to petitioner at her last known address unless petitioner can demonstrate: (1) She provided respondent with clear and concise notice of a change of address; or (2) prior to the mailing of the notice of deficiency, respondent knew of a change in petitioner's address and did not exercise due diligence in ascertaining petitioner's correct address. See Abeles v. Commissioner, supra; Keeton v. Commissioner, supra at 382; Alta Sierra Vista, Inc. v. Commissioner, 62 T.C. 367, 374 (1974), affd. without published opinion 538 F.2d 334 (9th Cir. 1976).

There is nothing in the record to suggest that petitioner gave respondent clear and concise notice of any change of address, nor is there anything in the record to suggest that respondent knew about any change of address.[4]   Finally, we

---

[4]   The fact that petitioner's residence may have been renumbered for purposes of the "911" emergency system does not, in and of itself, constitute notice to respondent that petitioner's address may have changed. This is particularly true
(continued...)

observe that petitioner actually received the notice of deficiency, as demonstrated by the fact that she attached a copy thereof to her petition.[5]

Conclusion

In view of the foregoing, we hold that the notice of deficiency was valid because it was sent to petitioner at her last known address. Accordingly, because petitioner did not file her petition within the time prescribed by section 6213(a) or section 7502, we lack jurisdiction to redetermine petitioner's tax liability for 1999, and we are left with no alternative but to grant respondent's motion to dismiss for lack of jurisdiction.[6]

---

[4](...continued)
given the fact that the notice of deficiency was, in fact, delivered to petitioner, rather than returned to respondent by the Postal Service. Cf. sec. 301.6212-2(b), Proced. & Admin. Regs.

[5] Petitioner does not allege that she suffered any prejudicial delay in the receipt of the notice of deficiency.

[6] Although petitioner cannot pursue her case in this Court, she is not without a judicial remedy. Specifically, petitioner may pay the tax, file a claim for refund with the Internal Revenue Service, and, if her claim is denied, sue for a refund in the appropriate Federal District Court or the U.S. Court of Federal Claims. See McCormick v. Commissioner, 55 T.C. 138, 142 (1970).

To give effect to the foregoing,

> An order granting respondent's motion and dismissing this case for lack of jurisdiction will be entered.