T.C. Memo. 2008-190

UNITED STATES TAX COURT

JONATHAN SHAFMASTER AND CAROL SHAFMASTER, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 7955-06L.                    Filed August 11, 2008.

<u>James E. Higgins</u>, for petitioners.

<u>Carina J. Campobasso</u>, for respondent.

MEMORANDUM OPINION

GALE, <u>Judge</u>:  This case is before the Court on respondent's
motion to dismiss for lack of jurisdiction.  In his motion
respondent contends that no notice of determination sufficient to

confer jurisdiction on the Court pursuant to sections 6320[1] and/or 6330 was issued to petitioners. Petitioners filed a response, a hearing was held, and the parties filed supplemental briefs in support of their positions.

## Background

At the time the petition was filed petitioner Jonathan Shafmaster (Mr. Shafmaster) resided in New Hampshire, and petitioner Carol Shafmaster (Mrs. Shafmaster) resided in Maine.

This case arises out of respondent's efforts to collect unpaid income taxes for petitioners' 1993 and 1994 taxable years. On October 4, 2002, respondent filed notices of Federal tax lien with respect to the outstanding 1993 and 1994 tax liabilities of $3,989,921, and on or about October 7, 2002, respondent issued petitioners notices of Federal tax lien filing. Petitioners filed a timely request for an Appeals Office hearing in response thereto on November 7, 2002. Petitioners, through their representative, held extensive discussions with a settlement officer in respondent's Appeals Office over the next 21 months. In early August 2004 petitioners and respondent reached an agreement for respondent to file revised notices of lien to reflect reduced tax liabilities and to enter into an installment agreement, which required Mr. Shafmaster to pay the balance of

---

[1] Unless otherwise indicated, all section references are to the Internal Revenue Code of 1986 as amended, and all Rule references are to the Tax Court Rules of Practice and Procedure.

the 1993 and 1994 liabilities over approximately 3 years. In connection therewith, on August 4, 2004, petitioners' representative faxed to the settlement officer a Form 433-D, Installment Agreement, signed by Mr. Shafmaster; a Summary Notice of Determination, Waiver of Right to Judicial Review of a Collection Due Process Determination, and Waiver of Suspension of Levy Action (2004 summary notice of determination), signed by Mr. Shafmaster; and a cover letter. The cover letter referred to the Form 433-D and the 2004 summary notice of determination as follows:

> The original documents are being sent to you for you to * * * facilitate the execution of the Installment Agreement * * *. It is not Mr. Shafmaster's intention to waive his right to judicial review or to be bound by the Installment Agreement until he has had the opportunity to review the finalized documents and ensure that no changes have been made to their terms.

The record does not contain a copy of the 2004 summary notice of determination or of the Form 433-D that is countersigned by an Internal Revenue Service (IRS) representative. However, the Forms 4340, Certificate of Assessments, Payments, and Other Specified Matters, for petitioners' 1993 and 1994 taxable years contain "LEGAL SUIT NO LONGER PENDING" entries dated August 30, 2004. The copy of the 2004 summary notice of determination signed by Mr. Shafmaster states: "I waive my right under sections 6320 and 6330 to seek

judicial review within 30 days of an Appeals Notice of Determination."

The Form 433-D faxed to respondent stated that Mr. Shafmaster would make an initial payment of $150,000 to respondent on September 10, 2004, and monthly payments of $32,183 thereafter until the liabilities were paid in full. The Form 433-D further stated that Mr. Shafmaster would make payments of $250,000 on October 1, 2005, and April 1, 2006, followed by payments of $500,000 on October 1, 2006, and October 1, 2007.

Respondent received an initial payment of $150,000 from Mr. Shafmaster on September 13, 2004, and received monthly payments of $32,183 from Mr. Shafmaster starting in October 2004. Respondent also received a $250,000 payment from Mr. Shafmaster on October 3, 2005, and a $736,552 payment from Mr. Shafmaster on November 7, 2005. All of the foregoing payments were credited against petitioners' outstanding liabilities for 1993 and 1994.

On February 15, 2006, respondent sent petitioners a notice of additional Federal tax lien filing with respect to their income tax liabilities for 1993 and 1994 (2006 additional NFTL), which reduced the unpaid balance due for each year. On March 17, 2006, petitioners submitted a request for a hearing in response thereto. On March 30, 2006, the settlement officer who had held discussions with petitioners in connection with their November 7, 2002, hearing request sent petitioners a letter (hearing

rejection letter) advising that a hearing had previously been conducted with respect to 1993 and 1994 and that he was forwarding the current request to the local IRS compliance office for further disposition. Thereafter, petitioners filed a petition with the Court seeking review under sections 6320 and 6330.

## Discussion

Respondent maintains that we lack jurisdiction because the hearing rejection letter was not a notice of determination sufficient to confer jurisdiction on this Court. Petitioners argue that they were entitled to a hearing with respect to the 2006 additional NFTL and that the hearing rejection letter was in effect a determination for purposes of invoking this Court's jurisdiction. In the alternative petitioners contend that no effective notice of determination was issued to them as a result of their hearing request of November 7, 2002, and that the hearing rejection letter was therefore the long-delayed notice of determination with respect to the November 7, 2002, hearing request.

The Tax Court is a court of limited jurisdiction, and we may exercise our jurisdiction only to the extent authorized by Congress. Naftel v. Commissioner, 85 T.C. 527, 529 (1985). The Court's jurisdiction under sections 6320 and 6330 depends upon the issuance of a valid notice of determination and the filing of

a timely petition for review. See <u>Orum v. Commissioner</u>, 123 T.C. 1, 8 (2004), affd. 412 F.3d 819 (7th Cir. 2005); <u>Sarrell v. Commissioner</u>, 117 T.C. 122, 125 (2001); <u>Moorhous v. Commissioner</u>, 116 T.C. 263, 269 (2001); <u>Offiler v. Commissioner</u>, 114 T.C. 492, 498 (2000); see also Rule 330(b). In the absence of either, this Court lacks jurisdiction.

Petitioners filed their petition for review within 30 days of the issuance of the hearing rejection letter. Therefore, the issue we must decide is whether that letter constitutes a determination for purposes of conferring jurisdiction on this Court.

A taxpayer generally is entitled to only one hearing with respect to the type of tax and taxable period to which the tax covered by a notice of Federal tax lien filing relates. Sec. 6320(b)(2); sec. 301.6320-1(b)(1) and (2), Proced. & Admin. Regs.; see also <u>Inv. Research Associates, Inc. v. Commissioner</u>, 126 T.C. 183, 190 (2006). Thus, if petitioners received a hearing as a result of their November 7, 2002, request, in response to which a valid notice of determination was issued, respondent's settlement officer acted properly when he effectively refused them another hearing in connection with the 2006 additional NFTL, see sec. 301.6320-1(b)(1) and (2), Proced. & Admin. Regs., and his hearing rejection letter could not constitute a basis for jurisdiction. Moreover, if the 2004

summary notice of determination was fully executed, petitioners waived their right to judicial review under sections 6320(c) and 6330(d)(1). See Smith v. Commissioner, T.C. Memo. 2007-221 n.9 (citing Aguirre v. Commissioner, 117 T.C. 324 (2001)).

Respondent is unable to produce a copy of the 2004 summary notice of determination countersigned by an IRS representative. As a result, petitioners contend that no notice of determination was issued in 2004 and therefore no determination with respect to their November 7, 2002, hearing request was made until the hearing rejection letter. Cf. Craig v. Commissioner, 119 T.C. 252 (2002) (where the Appeals Office issued a decision letter on the mistaken assumption that the hearing request was untimely, the decision letter was a determination sufficient for jurisdiction under section 6330).

Respondent relies on the presumption of official regularity to establish that a fully executed 2004 summary notice of determination was completed. The presumption of official regularity supports the official acts of public officers, including IRS personnel; and in the absence of clear evidence to the contrary, courts presume that they have properly discharged their official duties. United States v. Chem. Found., Inc., 272 U.S. 1, 14-15 (1926); Pietanza v. Commissioner, 92 T.C. 729, 739 (1989); affd. without published opinion 935 F.2d 1282 (3d Cir. 1991). However, the presumption does not apply where the

taxpayer introduces specific evidence to rebut the presumption. See <u>Pietanza v. Commissioner</u>, <u>supra</u>.

Respondent has proffered the settlement officer's case activity records, which contain notations to the effect that the settlement officer received a faxed copy of the 2004 summary notice of determination and the installment agreement on August 4, 2004; that final versions of the foregoing were received from petitioners' representative on August 25, 2004; and that after closing documents were prepared, the final versions were given to the settlement officer's Appeals team manager for signature. Consistent with the foregoing, the Forms 4340 for petitioners' 1993 and 1994 taxable years proffered by respondent each contain an August 30, 2004, entry (5 days after the receipt of final documents recorded in the case activity records) entitled "LEGAL SUIT NO LONGER PENDING", indicating that the hearing proceeding had been resolved.  Entries in Forms 4340 are also presumptively correct in the absence of evidence to the contrary.  <u>Geiselman v. United States</u>, 961 F.2d 1, 6 (1st Cir. 1992).

The only rebuttal evidence petitioners proffered is an affidavit of their then counsel to the effect that he was unable to locate in his files a copy of the fully executed 2004 summary notice of determination.[2]  This is insufficient.

---

[2] Petitioners also make the near-specious argument that respondent's loss of a portion of their records is itself an
(continued...)

Of greatest significance, petitioners' own actions strongly corroborate respondent's records and belie their claim that the 2004 summary notice of determination was never fully executed. Fourteen days after the Forms 4340 record that the hearing proceeding for 1993 and 1994 had been concluded, Mr. Shafmaster made a payment to respondent of $150,000--as provided in the installment agreement that was integral to the parties' execution of the 2004 summary notice of determination. Mr. Shafmaster thereafter made monthly payments of $32,183 in accordance with the installment agreement's terms, as well as lump-sum payments of $250,000 and $736,552[3] with respect to the 1993 and 1994 liabilities. In the cover letter accompanying their submission of the 2004 summary notice of determination and the installment agreement signed by Mr. Shafmaster, counsel for the Shafmasters was careful to condition Mr. Shafmaster's agreement to both the summary determination and the installment terms upon his "opportunity to review the finalized documents". Having so

---

[2](...continued)
irregular event, which causes respondent to lose the benefit of the presumption of official regularity. We disagree. The absence of documents is not an irregularity that tends to rebut the presumption; rather, it is the absence of documents that typically gives rise to use of the presumption. See, e.g., R.H. Stearns Co. v. United States, 291 U.S. 54, 63 (1934); United States v. Zolla, 724 F.2d 808 (9th Cir. 1984); United States v. Ahrens, 530 F.2d 781 (8th Cir. 1976).

[3] This amount exceeded the payments called for in the Form 433-D. The record offers no explanation for the discrepancy.

carefully delineated his rights, we find it virtually inconceivable that Mr. Shafmaster would then have made a $150,000 payment under the installment agreement some weeks later without having been provided "finalized" (i.e., fully executed) documentation of the installment agreement and the 2004 summary notice of determination. The same can be said of the monthly $32,183 payments that commenced in October 2004. In short, in addition to the presumption of official regularity, other substantial evidence strongly corroborates the conclusion that the 2004 summary notice of determination was executed. We so find.

Because petitioners received a hearing and a notice of determination with respect to the notices of Federal tax lien issued to them in October 2002 for 1993 and 1994, they are not entitled to another hearing with respect to the same years, even though a subsequent notice of lien filing (i.e., the 2006 additional NFTL) was issued to them. See sec. 6320(b)(2); sec. 301.6320-1(b)(1) and (2), Proced. & Admin. Regs.; see Inv. Research Associates, 126 T.C. at 189 (where taxpayer chose not to request a hearing with respect to first notice of lien, it was not entitled to a hearing with respect to the filing of another lien with respect to the same tax periods; sec. 301.6320-1(b)(1) and (2), Proced. & Admin. Regs., specifically upheld as reasonable exercise of regulatory authority). Further,

petitioners waived their right to judicial review in the 2004 summary notice of determination.

The settlement officer's effective refusal to grant them a hearing concerning the 2006 additional NFTL in the hearing rejection letter was therefore proper, and the letter does not provide a basis for invoking this Court's jurisdiction.[4]

Because petitioners did not timely petition the Court with respect to a valid notice of determination, we lack jurisdiction. We shall therefore grant respondent's motion.

To reflect the foregoing,

<u>An order dismissing this case for lack of jurisdiction will be entered</u>.

---

[4] Petitioners' reliance on <u>Craig v. Commissioner</u>, 119 T.C. 252 (2002), is misplaced. <u>Craig</u> involved a decision letter issued by the Appeals Office on the mistaken assumption that the taxpayer's hearing request was untimely. Here, the settlement officer's letter refusing a hearing was based on the correct premise that petitioners were not entitled to one.