JOHN BYK and HILARY BYK, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent; STANLEY L. CRAWFORD and JOAN T. CRAWFORD, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Byk v. Commissioner
Docket Nos. 9606-80, 12406-80.
United States Tax Court
T.C. Memo 1983-516; 1983 Tax Ct. Memo LEXIS 272; 46 T.C.M. (CCH) 1189; T.C.M. (RIA) 83516; August 23, 1983. George Mac Vogelei and Phyllis G. Berenson, for the petitioners. Michael C. Cohen, for the respondent. SHIELDS
MEMORANDUM FINDINGS OF FACT AND OPINION SHIELDS, Judge: The *273 petitioners filed motions to dismiss for lack of jurisdiction claiming that the statutory notices issued by the respondent were invalid. Respondent objected and a hearing was held at which the parties submitted a consolidated [1] stipulation of facts and other evidence. FINDINGS OF FACT The stipulation of facts and the attached exhibits are incorporated herein by reference. From the stipulation and from the other evidence introduced at the hearing and the concessions made by the parties in their pleadings and briefs we make the following findings. Both the Crawfords and the Byks were residents of California at the time they filed their petitions. The Crawfords filed timely joint income tax returns for 1976 and 1977 with the Internal Revenue Service Center, Fresno, California. In each of the two notices issued to them the respondent determined that there were deficiencies in their income tax for 1976 and 1977 in the respective amounts of $37,301 and $593. The Byks filed a joint 1976 income tax return with the Service Center at Fresno. It was filed on April 25, 1977. In each of the two notices *274 issued to them the respondent determined that there was a deficiency in their income tax for 1976 of $45,951. All of the deficiency notices were prepared and mailed by the Notices Section of the Office of the District Director, Los Angeles, California. From May 1, 1979 to December 10, 1980, Glenn Marker was the Chief of the section. Karen Storey was employed in the section as a clerk-typist from June of 1978 until January of 1981. On April 7, 1980, Glenn Marker, as the Chief of the Notices Section, and being authorized to do so, reviewed, approved, initialed, and placed the District Director's signature on a deficiency notice to be issued to the Crawfords for 1976 and 1977 and a deficiency notice to be issued to the Byks for 1976. In accordance with the usual routine of the section both notices were then returned to Karen Storey so that she could prepare them for mailing. The preparation included, among other things, stamping the date on the notices, placing the names of the taxpayers on the District Director's certified mailing list, and stamping the date on the list. However, when Karen Storey stamped the date on the notices she inadvertently printed the wrong year and *275 as a result both notices bore the date of April 7, 1979 rather than April 7, 1980. Unlike the usual case of this nature, this record does not contain the District Director's certified mailing list for April 7, 1980. Consequently, we do not have any documentary evidence of the date of mailing of the notices dated April 7, 1979. Mr. Marker testified that a search had failed to reveal the mailing list in the files of the District Director. At the hearing he had no explanation for its disappearance and neither did Ms. Storey. They both denied having anything to do with its disappearance and the record contains no evidence tending to establish that it was deliberately destroyed. [2] Both Mr. Marker and Ms. Storey testified that from the procedure customarily followed in the section they were convinced that the notices dated April 7, 1979 were actually mailed on April 7, 1980 and their testimony was not only straightforward and credible but was also corroborated to some extent by two other uncontroverted facts. First, the notices could not have been issued on the date they bore, April 7, 1979, because they also bore Mr. Marker's initials and he did not become Chief of the section *276 and start to initial notices until May 1, 1979. Second, the notices dated April 7, 1979 were received by the petitioners shortly before the notices dated April 14, 1980 and the April 14 notices, as will be pointed out below, were mailed on April 14, 1980. We find, therefore, that the notices dated April 7, 1979 were actually mailed on April 7, 1980. Shortly after the improperly dated notices were mailed to the Crawfords and the Byks, Ms. Storey learned that all notices issued by the Notices Section on April 7, 1980 had been stamped with the date of April 7, 1979. She brought this error to the attention of Mr. Marker and he instructed her and the other members of his staff to mail copies of the notices bearing the current date to all taxpayers involved so that they would not be misled *277 into thinking that the 90-day period for appeal to this Court had already expired. In accordance with Mr. Marker's instructions, Ms. Storey mailed second notices to the Crawfords and the Byks on April 14, 1980, this date of mailing being clearly established by the certified mailing list of that date which is in the record. The second notices were identical in context to the first notices. The second notices, however, bore the date of April 14, 1980 but did not bear the signature of the District Director. Both of the notices mailed to the Crawfords were admittedly received by them. In fact a copy of the notice dated April 7, 1979, is attached to their petition and both notices are referred to by date in the petition. The petition was filed with this Court on July 8, 1980 or 92 days after April 7, 1980 and 85 days after April 14, 1980. The envelope in which the petition was received bears a postmark of the United States Postal Service of July 3, 1980 or less than 90 days after either April 7, 1980 or April 14, 1980. Both of the notices mailed to the Byks were admittedly received by them.A copy of the first page of the notice dated April 14, 1980 is attached to their petition *278 which was filed on June 16, 1980. Copies of both notices are attached to their amended petition which was filed on July 11, 1980. The original petition was filed only 70 days after April 7, 1980 and only 63 days after April 14, 1980. OPINION Petitioners contend that the original notices were invalid because with their admittedly erroneous dates and without the support of a certified mailing list the respondent cannot prove and the petitioners cannot ascertain the date upon which the 90-day period provided by section 6213(a) [3] commenced. They contend that the second notices were invalid because they were not signed by the District Director and were not received by the petitioners until after the statute of limitations provided by section 6501 had expired. Respondent contends that both notices were valid. We agree with respondent. Section 6212(a) provides that once the respondent has determined that there is a deficiency in income tax he is authorized to send notice of such deficiency to the taxpayer by certified or registered mail. *279 Under section 6213(a) the taxpayer has ninety days (150 days if the taxpayer's address is outside the United States) within which to file a petition with this Court. It is well established that the 90-day period runs from the date the deficiency notice authorized by section 6212(a) is actually mailed as opposed to the date shown on the notice. . As conceded by the petitioners on brief, even the absence of a date would not have rendered them invalid. . [4] Consequently, the validity of the original deficiency notices in these cases was not affected by the erroneous dates which they bore. The date of actual mailing is a question of fact. In the usual case persuasive evidence of the mailing is respondent's certified mailing list. See When, as here, the mailing list is not available the actual mailing date must be established as any other pertinent fact *280 by other competent evidence such as the testimony of respondent's agents. We reach the same conclusion with respect to the absence of the District Director's signature on the second set of notices. In other words these notices are also valid because the absence of an authorized signature or even the absence of any signature does not invalidate a notice. ; , affd. ; , affd. . The petitioners have made no attempt to show how they have been harmed or prejudiced by the error in the date on the first notice or by the absence of a signature on the second. They received both notices. They timely petitioned for a redetermination of the deficiencies with respect to both. They were obviously aware of the determination made by respondent and neither of the defects of which they complain deprived them of their opportunity to obtain a redetermination in this Court. Under these circumstances we believe that both *281 notices served their statutory purpose because as we stated in , affd. : It is axiomatic that the intent and purpose of the statutory requirement for the issuance of deficiency notices is to inform the taxpayer that the Commissioner means to assess additional taxes against him, and to provide time for the taxpayer to petition this Court for a redetermination if he is so advised. Here the taxpayers knew, and indeed admitted, that the respondent meant to assess deficiencies in income taxes against them; they received the notices issued in respondent's name and promptly invoked our jurisdiction to redetermine the deficiencies in question. To paraphrase the language of Judge Learned Hand in (C.A. 2, 1937), affirming a Memorandum Opinion of this Court, their petitions here made it perfectly plain that they were not misled and enjoyed every privilege which a notice formally correct * * * would have given them. This being true, we are unwilling to construe even a tax statute in the archaic spirit necessary to defeat these *282 levies; the notices are only to advise the person who is to pay the deficiency that the Commissioner means to assess him; anything that does this unequivocally is good enough. In their motions the petitioners contend that the second notices were also invalid because they were not received until after the statute of limitations had expired. No mention is made of this contention in their brief and the petitioners may have abandoned the point. In any event an issue based on the statute of limitations is not a proper basis for a motion to dismiss for lack of jurisdiction. ; , affd. , cert. denied . In summation, we have concluded that both the notices mailed on April 7, 1980 and those mailed on April 14, 1980 are valid. It follows that the Byks' petition was obviously timely with respect to either notice inasmuch as it was filed only 70 days after April 7, 1980 and only 63 days after April 14, 1980. The Crawfords' petition was also timely with *283 respect to both notices. It was obviously timely with respect to the notice of April 14, 1980 since the petition was filed only 85 days later. It is also timely with respect to the notice of April 7, 1980, even though filed 92 days later because the postmark on the envelope in which it was mailed is only 87 days after April 7, 1980. Section 7502. Since both notices are valid and since both petitions were timely with respect to both notices, the motions to dismiss will be denied. Appropriate orders will be issued.
Footnotes
1. Although not formally consolidated, these motions were heard together.↩
2. Petitioners attempted unsuccessfully to impeach Ms. Storey's testimony with a prior written declaration by her to the effect that she had destroyed the mailing list. However, the prior declaration was not under oath and her testimony at the trial convinced us that she had never destroyed a mailing list and that she was not aware of the statement in the declaration at the time she signed it.↩
3. All statutory references are to the Internal Revenue Code of 1954, as amended during the years in issue, unless otherwise indicated.↩
4. See also ; .↩