T.C. Memo. 2008-82

UNITED STATES TAX COURT

THOMAS BUTTI, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 11084-02L.                    Filed April 3, 2008.

Thomas Butti, pro se.

<u>Kevin M. Murphy</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

COLVIN, <u>Chief Judge</u>:  Respondent sent a Notice of
Determination Concerning Collection Action(s) Under Section 6320[1]
and/or 6330 to petitioner with respect to a proposed levy to
collect petitioner's unpaid income taxes for tax years 1989,

_____

[1] Section references are to the Internal Revenue Code as
amended.

1990, and 1999.[2]  Petitioner timely filed a petition seeking our review of respondent's determination.

The issue for decision is whether respondent's determination to collect tax from petitioner for tax years 1989 and 1990 was an abuse of discretion.  We conclude that it was because, as discussed below, the record does not show that a notice of deficiency had been issued to petitioner with respect to those years.

FINDINGS OF FACT[3]

A.  Petitioner

Petitioner was incarcerated in the Wyoming Correctional Facility, Attica, New York, when the petition was filed.  He lived in the State of New York before and after he was incarcerated.

Before he was incarcerated, petitioner was a licensed chiropractor practicing in Yonkers, New York.  On August 18, 1994, he pleaded guilty to offering a false instrument for filing in the first degree, insurance fraud in the second degree, grand larceny in the second degree, and attempted grand larceny in the third degree.

---

[2]  Petitioner's tax liability for 1999 is no longer at issue.

[3] For convenience, some of the findings of fact which appeared in Butti v. Commissioner, T.C. Memo. 2006-66, are repeated here.

B.   The Notice of Deficiency for 1989 and 1990

Respondent sent article No. Z 009 132 166 by certified mail to petitioner at the Gowanda Correctional Facility, P.O. Box 311, Gowanda, NY 14070 (Gowanda) and article No. Z 009 132 167 by certified mail to petitioner at 47 Malverne Road, Scarsdale, NY 10583, on December 30, 1998.  Respondent recorded the mailing on a U.S. Postal Service Form 3877, Acceptance of Registered, Insured, C.O.D. and Certified Mail, or its equivalent, a certified mail list, which stated at the top:  "Statutory Notice of Deficiency for the years indicated have been sent to the following taxpayers".  Gowanda received that item on January 4, 1999.  Petitioner was not housed at Gowanda from October 22, 1998, to January 20, 1999.

Gowanda maintained a log for mail pertaining to inmates' legal proceedings.  Petitioner signed that log in order to receive two items of certified mail on January 21, 1999.  The log does not state the certified mail numbers of the items he received.  Petitioner received various articles of certified mail from respondent while he was incarcerated at Gowanda.

C.   The Section 6330 Hearing

Respondent issued a Final Notice, Notice of Intent to Levy and Notice of Your Right to a Hearing, on November 8, 2000.  In the final notice, respondent stated that petitioner owed

$270,087.60 for 1989, $108,044.26 for 1990, and $5,507.84 for 1999.

On December 1, 2000, petitioner sent to respondent a Form 12153, Request for a Collection Due Process Hearing.  Petitioner was incarcerated at the Wyoming Correctional Facility at that time.  He attached an explanation in which he said he had not received the notice of deficiency and that he was not liable for tax in the amounts stated in the notice.

One of respondent's Appeals officers was assigned to petitioner's case on February 12, 2002.  The Appeals officer kept an activity log for the case in which he said:  (1) The case is very complex; (2) petitioner claims that he had no prior opportunity to contest the underlying liability and he did not receive the notice of deficiency; and (3) the "administrative file indicates that a defaulted * * * [notice of deficiency] is in [the administrative] file".

On May 1, 2002, the Appeals officer sent a letter to petitioner at the Wyoming Correctional Facility stating in part:

> We scheduled the conference you requested on this case for * * * [9:30 a.m., May 21, 2002, at room 1137, 290 Broadway, New York, New York].  Please let me know within 10 days from the date of this letter whether this is convenient.  If it is not, I will be glad to arrange another time.
>
> Our meeting will be informal and you may present facts, arguments, and legal authority to support your position.  If you plan to discuss new material, please send me copies at least five days before our meeting.

You should prepare statements of fact as affidavits, or sign them under penalties of perjury. * * *.

The Appeals officer knew that petitioner was incarcerated when he sent that letter. On May 15, 2002, petitioner wrote the following to the Appeals officer:

I received your May 1, 2002, correspondence affixed hereto, and I respond accordingly. I was transferred to the facility listed below and * * * Wyoming did not forward your correspondence expeditiously. Therefore, I apologize for the delayed response, but it is with just cause.

I commence by thanking you for scheduling a conference on this case. Unfortunately, I am faced with two challenges: (1) I am confined to solitary until July 16, 2002 and I do not have access to a telephone, legal documents, and/or transportation to even meet with you at this time. Furthermore and due to my indigency status as granted by both Federal and State courts, I am unable to retain an attorney, certified public accountant or person enrolled to practice before the Internal Revenue Service. I am currently petitioning a professional willing to assist pro bono.

* * * * * * * *

I humbly request a moratorium until I can either (1) access my complete file post July 16, 2002, (2) obtain a pro bono accountant or attorney or, (3) complete my due process right to a full and fair opportunity to appeal my criminal case. * * *.

Petitioner did not meet with the Appeals officer in New York on May 21, 2002. On that day, the Appeals officer wrote in his activity log that he had reviewed respondent's transcripts of account for petitioner's tax years 1989 and 1990, including Forms 4340, Certificate of Assessments, Payments, and Other Specified

Matters, and concluded that respondent had followed administrative and procedural requirements.

The Appeals officer received and read petitioner's May 15, 2002, letter on May 22, 2002. Even though he told petitioner he would reschedule the hearing at petitioner's request, the Appeals officer did not do so. On June 4, 2002, respondent issued a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330. In it, respondent determined that respondent's collection action with respect to petitioner's tax years 1989, 1990, and 1999 was proper.

OPINION

1. Procedural Background

In Butti v. Commissioner, T.C. Memo. 2006-66, we held that respondent had not provided petitioner an opportunity for a hearing as required by section 6330(b) and that petitioner had not received a notice of deficiency and had no prior opportunity to dispute the underlying tax liability.

On April 10, 2006, we remanded this case to respondent to provide petitioner an opportunity for a hearing as required by section 6330(b). We also ordered the parties to provide status reports by July 7, 2006. By order dated October 18, 2006, the Court also required respondent to provide to petitioner so that petitioner would receive by October 20, 2006, copies of the notice of deficiency for 1989 and 1990 and Forms 4340 for those

years.  Respondent subsequently reported that (1) Respondent was unable to provide copies of the notices of deficiency issued to petitioner for 1989 and 1990 because the administrative files for those tax years are no longer available; and (2) respondent had provided petitioner with copies of Forms 4340 for 1989 and 1990 in September 2005, as part of the stipulation process before trial.

## 2.   Requirement of Issuance of a Notice of Deficiency

The Secretary generally may not assess a deficiency in tax unless the Secretary has first mailed a notice of deficiency to the taxpayer.[4]  Sec. 6213(a).

Respondent does not contend that any of the statutory exceptions to issuing a notice of deficiency applies here.  Thus, respondent may not proceed with collection unless respondent issued a notice of deficiency.  See Manko v. Commissioner, 126 T.C. 195, 200-201 (2006); Freije v. Commissioner, 125 T.C. 14, 34-37 (2005).

---

[4]  A deficiency notice is not required to assess taxes where there is no deficiency.  For example, the Secretary may assess without a deficiency notice the amount of tax shown due on a return.  Sec. 6201(a)(1).

3.   <u>Whether Respondent Issued a Notice of Deficiency to Petitioner</u>

Respondent contends that a notice of deficiency was issued to petitioner.  We disagree.

Respondent bears the burden of proving by competent and persuasive evidence that the notice of deficiency was properly mailed.  <u>Coleman v. Commissioner</u>, 94 T.C. 82, 90 (1990); <u>August v. Commissioner</u>, 54 T.C. 1535, 1536-1537 (1970).  The act of mailing may be proven by documentary evidence of mailing or by evidence of respondent's mailing practices corroborated by direct testimony.  <u>Coleman v. Commissioner</u>, <u>supra</u>.

Where the existence of the notice of deficiency is not in dispute, a properly completed Form 3877 by itself is sufficient, absent evidence to the contrary, to establish that the notice was properly mailed to a taxpayer.  <u>United States v. Zolla</u>, 724 F.2d 808, 810 (9th Cir. 1984); <u>Coleman v. Commissioner</u>, <u>supra</u> at 91.  However, where, as here, the existence of the notice of deficiency is in dispute, we have previously rejected the Commissioner's reliance on the presumption of regularity based solely on the Form 3877 under circumstances similar to those present here.  <u>Pietanza v. Commissioner</u>, 92 T.C. 729 (1989), affd. without published opinion 935 F.2d 1282 (3d Cir. 1991); see also <u>Koerner v. Commissioner</u>, T.C. Memo. 1997-144 (a Form 3877 does not by itself establish that the Commissioner mailed a notice of deficiency); cf. <u>Spivey v. Commissioner</u>, T.C. Memo.

2001-29 (the Commissioner produced a copy of the notice of deficiency and witnesses described how notices of deficiency are produced and mailed), affd. 29 Fed. Appx. 575 (11th Cir. 2001).

Respondent contends that Pietanza is distinguishable; however, respondent has not shown that the facts present in this case differ in any material way from those in Pietanza. In Pietanza, as here, the Commissioner (1) lost the administrative file, (2) had no copies of a notice of deficiency, (3) did not establish that a final notice of deficiency ever existed, (4) relied on a Postal Service Form 3877, and (5) did not introduce evidence showing how the Commissioner's personnel prepare and mail notices of deficiency.

The Commissioner in Pietanza produced a draft copy of the notice of deficiency but did not establish that a final notice ever existed. Here, the Appeals officer testified that he saw a copy of the notice of deficiency, but he did not say whether it was a final version. Further, his testimony is curious in the light of the contemporaneous entry in his log, which states only that the administrative file indicates that a defaulted notice of deficiency is in the administrative file. We do not understand why the Appeals officer would have chosen that language if he had seen the notice of deficiency. Thus, as in Pietanza, the record does not show that respondent issued a final notice of

deficiency.  Respondent has provided no reason that this case is not bound by our holding in <u>Pietanza</u>.

4.  <u>Conclusion</u>

We conclude that respondent's determination to proceed with collection of petitioner's tax liabilities for 1989 and 1990 was in error and thus an abuse of discretion because respondent failed to show that respondent issued a notice of deficiency before assessing petitioner's taxes.

<u>Decision will be</u>

<u>entered for petitioner</u>.