Joshua **WELCH** & Alejandra De Losada, Plaintiffs,

v.

The **UNITED STATES of America,** Defendant.

No. 09–890T.

United States Court of Federal Claims.

May 2, 2011.

**656**

Joseph Lipari, Roberts & Holland, LLP, New York, New York, for plaintiffs.

Carl D. Wasserman, United States Department of Justice, Tax Division, Washington, D.C., for defendant.

## OPINION AND ORDER

HODGES, Judge.

Plaintiffs Joshua Welch and Alejandra de Losada filed a complaint in this court seeking a refund of $867,482.83 in income taxes and interest paid to the Internal Revenue Service for deficiencies assessed from the 1992 and 1995 tax years. Plaintiffs argue that the assessment and collection were improper because defendant did not mail statutory notices of deficiency pursuant to I.R.C. § 6213(a) within the requisite time to extend the assessment period. Accordingly, plaintiffs argue, they are entitled to a refund under I.R.C. § 6401(a) for amounts illegally collected. The parties filed cross motions for summary judgment on the issue of whether the IRS properly mailed statutory notices of deficiency for the tax years 1992 and 1995, thereby extending the statute of limitations for assessing plaintiffs' income tax. For the reasons stated below we grant defendant's motion for summary judgment, finding that defendant has demonstrated as a matter of law that it mailed the notices of deficiency.

## BACKGROUND

Plaintiff Joshua Welch filed an individual federal tax return for the year 1992 and paid income taxes in the amount of $97,964. Mr. Welch subsequently married Alejandra de Losada, and in 1996 requested a carryback of net operating losses from their 1995 return to his 1992 return, and a refund of $76,570. The Service granted plaintiffs' request for a refund in September 1996. The Service then commenced an audit of plaintiffs' 1995 taxable year. Plaintiffs agreed to extend to December 31, 2000 the statute of limitations for assessment with respect to the 1992 taxable year.

The IRS informed plaintiffs by letter in November 1998 of a proposed adjustment to their 1995 taxes. This correspondence, known as Letter 950, explained that the IRS was denying the ordinary loss that plaintiffs had claimed in their 1995 joint return, resulting in a tax deficiency of $223,500 for 1995. The Service also proposed a twenty percent negligence penalty in the amount of $44,700, and noted that these changes had been discussed with plaintiffs' accountant and attorney-in-fact, Eric Roseman. A separate letter to Mr. Welch explained that the Service was disallowing the $76,570 carryback claim. This notice is known as Letter 569. Plaintiffs testified that they do not recall receiving either letter, though it was Mr. Welch's habit to open mail from the IRS and forward it to Mr. Roseman. The letters 950 and 569 are attached to plaintiffs' Complaint.

Mr. Roseman represented plaintiffs in their 1998 appeal to IRS regarding the adjustments. IRS denied the appeal but reduced the deficiency proposed for 1992 from $76,570 to $43,032. Defendant states that notices of deficiency for the 1992 and 1995 tax years were then issued on September 11, 2000. The deficiencies were in the amounts of $43,023 for 1992 with no penalty, and $223,500 for 1995 with a penalty of $44,700. Defendant also states that it sent copies of these notices to Mr. Roseman as plaintiffs' tax representative.

The Service issued a Final Notice of Intent to Levy and Notice of Your Right to a Hearing to plaintiffs on September 19, 2007 with respect to the 1992 and 1995 tax deficiencies. Plaintiffs timely requested a Collection Due Process hearing with the IRS Appeals Office. The Service issued a Notice of Determination on July 7, 2008, sustaining the collection action. Plaintiffs then filed a petition in the

United States Tax Court seeking removal of the assessments and cessation of all related collection activities.

Plaintiffs sold an apartment later that year that was subject to a tax lien filed on December 14, 2001 with respect to the 1992 assessment and a tax lien filed on June 11, 2008 with respect to the 1995 assessment. Plaintiffs testified that they were unaware at the time of any amount outstanding with respect to 1992 and 1995. Plaintiffs filed an Application for Certificate of Discharge of Property from Federal Tax Lien and offered to post a bond for the full amount of the assessments pending determination by the Tax Court on their petition. The Service denied the application, and plaintiffs satisfied the tax lien as a condition to selling the apartment.

Plaintiffs paid $142,277.55 in satisfaction of the 1992 lien and $725,205.28 in satisfaction of the 1995 lien. The Tax Court subsequently dismissed plaintiffs' case as moot. Plaintiffs then filed two Forms 1040X on May 7, 2009, claiming a refund of federal income tax and interest paid for the deficiencies assessed for 1992 and 1995. Having received no response from the IRS, plaintiffs filed their Complaint in this court on December 28, 2009.

## DISCUSSION

Summary judgment is proper where no genuine issue of material fact exists. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The moving party bears the burden of establishing the absence of a genuine issue of material fact. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Once the moving party has offered evidence that no material issue of fact remains, the burden shifts to the non-moving party to provide evidence that a genuine issue of fact is present. *Id.* at 250, 106 S.Ct. 2505. The court must view the evidence in a light most favorable to the non-moving party, and draw all permissible inferences in favor of that party. *Id.* at 255, 106 S.Ct. 2505.

Section 6501 of the Internal Revenue Code imposes a statute of limitation on the IRS to make an assessment. Section 6503(a) of the Code provides that such a period may be tolled upon the mailing of a notice of deficiency to the taxpayer. In addition, a taxpayer may allow the Service to extend the time limits, as occurred in this case; the parties allowed the IRS to extend the assessment period to December 31, 2000.

### Effect of Notice

The period of limitation is extended for ninety days once the statutory notice is mailed, to allow the taxpayer to petition the Tax Court. Thereafter, it is extended an additional sixty days pursuant to § 6503(a)(1). A notice of deficiency is valid if mailed by certified or registered mail by the IRS to the taxpayer's last known address, or if the taxpayer has actual knowledge of the notice. *See* I.R.C. § 6212(a). The parties do not dispute that the assessment was timely if the statutory notices were sent. Plaintiffs argue that the IRS did not mail the notices of deficiency, and cannot demonstrate that it mailed the notices. This would render the February 15, 2001 assessment invalid because the assessment period would not have been tolled.

■ The Service enjoys a presumption of official regularity where it can demonstrate that certain procedures have been followed. The Internal Revenue Manual instructs offices on how to maintain records of mailed statutory notices. Postal Form 3877 is a list of taxpayer names, addresses, and corresponding registered or certified numbers for use by each office. Service employees are also instructed to file final copies of statutory notices that are to be mailed. Such official certificates are highly probative and considered sufficient, in the absence of contrary evidence, to establish that the notices and assessments were properly made. *United States v. Zolla,* 724 F.2d 808, 810 (9th Cir. 1984).

■ Plaintiffs argue that the IRS is precluded from demonstrating that it mailed the statutory notices of deficiency if it cannot produce the Form 3877. The Form is not a requirement imposed on the record keeping of the IRS, however. *See Keado v. United States,* 853 F.2d 1209, 1214 (5th Cir.1988). Rather it is a suggested mechanism to which such weight is attributed that a favorable

presumption is raised if an office chooses to use the form. Defendant also maintains that keeping a Form 3877 was not part of the procedure at the Manhattan Appeals Office during the time in question. The case law that addresses whether the IRS mailed a notice of deficiency provides that a mailing occurred where an office can establish its procedure for record keeping, show that it followed this procedure in respect to the notices in question, and produce documents signifying a mailing that corresponds to plaintiffs and their tax deficiency. *See Cataldo v. Comm'r*, 60 T.C. 522, 524 (1973), *aff'd per curiam*, 499 F.2d 550 (2d Cir.1974); *see also Keado*, 853 F.2d at 1209; *Zolla*, 724 F.2d at 808; *United States v. Ahrens*, 530 F.2d 781 (8th Cir.1976); *Pietanza v. Comm'r*, 92 T.C. 729 (1989).

■ The IRS sent Letter 950 to plaintiffs on November 10, 1998, explaining that it was denying the $1,329,070 ordinary loss claimed on the 1995 joint return, resulting in a tax deficiency of $223,500 for 1995. It proposed a twenty percent negligence penalty. The letter also noted that the Service had discussed the proposed changes with Mr. Roseman. The IRS sent Letter 569 to Joshua Welch on the same date explaining that it was disallowing his carryback claim for the 1995 losses to 1992 in the amount of $76,570.[1] The IRS says it then sent the statutory notices of deficiency by certified mail on September 11, 2000.[2]

Defendant established the procedure followed by the Manhattan Appeals Office in mailing statutory notices of deficiency. An appeals officer decides to issue a statutory notice of deficiency and personally takes the case to the Appeals Processing Section. The appeals officer enters the preparation of the

notice into his or her case activity record. Defendant offered an Appeals Case Memorandum as an exhibit demonstrating that this process was followed with respect to the 1992 and 1995 assessments. The tax examiner then issues the statutory notice of deficiency. He or she date-stamps the notice and notes the ninety-day default date by which the taxpayer must petition the Tax Court. The notice is then sent to the address listed in the taxpayer's file. Plaintiffs' file contains a date-stamped notice of deficiency for 1992 with the correct address and date of default. There is no such copy in plaintiffs' file for the 1995 notice, but we are satisfied from other documentation supplied by defendant that the IRS mailed the notice of deficiency for 1995 in time to toll the assessment period.

Plaintiffs' file has certified mail receipts for each of the Welches, according to defendant. The return receipt cards were signed and returned to the IRS Appeals Office.[3] The Government argues that the cards' presence in the file cabinet where receipt cards for the year 2000 are housed is evidence that the office followed established procedure for mailing notices of deficiency with respect to plaintiffs. Plaintiffs argue this is insufficient because the receipts lack any identification that they relate to the 1995 notice of deficiency. The IRS states that it had no other correspondence with plaintiffs during that year that would have required certified mail.

The Government offers as additional documentation a computer-generated record known as a control card that links the receipt cards to the 1995 notice of deficiency. The Government explains that this control card was generated by the IRS to track plaintiffs' 1992 and 1995 tax years. It is a record of the amounts that plaintiffs owed on their

---

1. Mr. Welch does not remember discussing these letters with Mr. Roseman, but stated his belief that he would have done so, as it was their general practice to communicate with each other regarding IRS activities. Mr. Roseman had several discussions with the IRS regarding the appeal of the decisions communicated in Letters 950 and 569.

2. The Service represents that it sent copies of these notices to Mr. Roseman. Mr. Welch testified that he has no knowledge of whether he received the notices or if they were mailed to him. He acknowledged in his deposition that if

he had received the notices he would have sent them to Mr. Roseman "who would have taken care of whatever the action was." Given the whole of Mr. Welch's testimony on his business practices and relationship with Mr. Roseman it is not unreasonable to believe that one if not both of the two men would have received these notices and raised the issue with the other.

3. The parties represent that the certified mail was signed by Nath Gosh, without explanation of who he is or what his connection is to plaintiffs.

1992 and 1995 taxes, and it matches the amounts listed on the Certificate of Assessments and Payments for 1992 and 1995. Plaintiffs respond that we cannot know when these computer records are generated, and that information can be entered after the dates in question; this is insufficient to link the receipt cards to the 1995 notice of deficiency.

Plaintiffs' contentions do not overcome the presumptions available to IRS officials acting according to normal procedures. We considered the parties' evidence and arguments carefully, and determined that the Service followed its established procedure for mailing notices of deficiency to plaintiffs. Defendant has raised a legal presumption of regularity that plaintiffs' evidence is unable to contradict.

## CONCLUSION

The parties agree that the sole issue in this case is whether the IRS mailed the statutory notices of deficiency. Defendant has demonstrated that the IRS mailed the notices of deficiency for the 1992 and 1995 tax years. This tolled limitations of the assessment statute and validated the Service's collection of plaintiffs' taxes.[4]

■ Mr. Welch testified that he could not remember whether he received the notices of deficiency. The legal question is not whether a taxpayer received the statutory notice, but whether the Service mailed it. *See Zolla,* 724 F.2d at 810 (explaining that a notice is valid when mailed to a taxpayer's last known address even if the taxpayer did not receive the notice). The IRS is entitled to a presumption of official regularity if it can produce a Form 3 877 and a date-stamped copy of the notice of deficiency. *See id.* Where the IRS is unable to produce these two documents it can raise the same presumption by establishing that it followed a set procedure with respect to the taxpayers and providing corroborating documentation. *Ahrens,* 530 F.2d at 785. Evidence presented establishes

that the Service mailed the statutory notices of deficiency for 1992 and 1995 on September 11, 2000.

Plaintiffs' motion for summary judgment is DENIED. Defendant's cross motion for summary judgment is GRANTED. The Clerk is directed to enter judgment. No costs.

SO ORDERED.

was sufficient to grant IRS a presumption of regularity that was determinative with respect to the key issue: did defendant mail the notices of deficiency to plaintiffs.

---

4. The parties disagreed on the burden of proof in this case. We found it unnecessary to decide who carries a legal burden because the Government demonstrated that it followed normal procedures in providing notices to taxpayers. This