# United States Court of Appeals for the Federal Circuit

———————————

**JOSHUA WELCH AND ALEJANDRA DE LOSADA,**
*Plaintiffs-Appellants,*

**v.**

**UNITED STATES**
*Defendant-Appellee.*

———————————

2011-5090

———————————

Appeal from the United States Court of Federal Claims, in case no. 09-CV-890, Senior Judge Robert H. Hodges, Jr.

———————————

Decided: May 18, 2012

———————————

JOSEPH LIPARI, Roberts & Holland LLP, of New York, New York, argued for plaintiffs-appellants. With him on the brief was ELLEN SEILER BRODY.

CAROL BARTHEL, Attorney, Tax Division, United States Department of Justice, of Washington, DC, argued for defendant-appellee. With her on the brief were TAMARA W. ASHFORD, Deputy Assistant Attorney General, and THOMAS J. CLARK, Attorney.

———————————

Before BRYSON, CLEVENGER, and O'MALLEY, *Circuit Judges.*

O'MALLEY, *Circuit Judge.*

Appellants Joshua Welch and Alejandra de Losada appeal from a judgment of the Court of Federal Claims, finding that they are not entitled to refunds of $142,277.55 and $725,205.28 paid to the IRS for tax deficiencies in tax year 1992 and tax year 1995, respectively. The Internal Revenue Service ("IRS") must assess any tax deficiency within the applicable limitations period, or the taxpayer is relieved of the obligation to pay the deficiency. The parties dispute whether the IRS properly mailed the two notices of deficiency at issue here prior to December 31, 2000, thereby tolling the pertinent statute of limitations and making the 1992 and 1995 assessments timely. Use of the form prescribed in the Internal Revenue Manual for establishing compliance with the notice of deficiency mailing requirement—PS Form 3877—is not a prerequisite to the government demonstrating mailing of a notice of deficiency, but some corroborating evidence of both the existence and timely mailing of the notice of deficiency is required. Because the IRS presented such corroborating evidence for the 1992 notice of deficiency but not as to the 1995 notice, we affirm in part and reverse in part. We affirm the judgment of the Court of Federal Claims with respect to the 1992 assessment, and reverse with respect to the 1995 assessment.

## BACKGROUND

In 1993, appellant Joshua Welch, who was then employed as a financial analyst, filed an individual tax return for tax year 1992 and paid income taxes in the amount of $97,964. Welch and appellant Alejandra de Losada were married in the same year. Appellants filed a

joint tax return in 1996 for tax year 1995 and reported ordinary losses in excess of $1.3 million. Appellants also requested a carryback of a portion of these losses to Welch's 1992 tax year. The IRS granted the carryback, issuing a refund in the amount of $76,570 for his 1992 tax year. The IRS subsequently audited the appellants' 1995 tax return. During the audit, appellants agreed to extend the statute of limitations with respect to any necessary assessment for the 1992 and 1995 tax years to December 31, 2000.

In connection with the audit, the IRS mailed a letter dated November 10, 1998, ("Letter 950") jointly to Welch and de Losada informing them that it was denying the $1,329,070 ordinary loss claimed in their 1995 return. The IRS concluded that Welch could not support his claim that he was either a trader/dealer or professional gambler and therefore entitled to treat his trading losses as ordinary losses. This denial resulted in a tax deficiency of $223,500 for 1995. The IRS also proposed a twenty percent negligence penalty in the amount of $44,700 for that tax year. On the same day, the IRS mailed a letter to Welch individually ("Letter 569") proposing a full disallowance of Welch's refund of $76,570 for tax year 1992, which was based on a carryback of the ordinary loss claimed in tax year 1995.

Both Letters 569 and 950 were mailed to appellants' Central Park West address. Although appellants have no recollection of receiving either letter, they do not dispute the mailing or receipt of these letters. At his deposition Welch testified that, upon receiving any correspondence from the IRS, it was his standard practice to forward such correspondence to their then-accountant, Eric Roseman. Mr. Roseman, in fact, represented Welch in an appeal— that was ultimately denied—to the IRS regarding the adjustment proposed in Letter 569 and represented both

Welch and de Losada in connection with a similarly unsuccessful appeal relating to Letter 950. In an Appeals Case Memorandum ("ACM") dated June 7, 2000, IRS personnel made a request to IRS counsel for approval to issue a notice of deficiency to Welch for tax year 1992 and to both appellants for tax year 1995. The ACM sets forth a tax deficiency for 1992 of $43,032, reduced from $76,570, and a deficiency of $223,500 and a penalty of $44,700 for 1995. A supplemental ACM indicating that "statutory notice has been approved by district counsel" is dated August 31, 2000. Both the initial and supplemental ACM identify a statute of limitations date of December 31, 2000. Tax assessments for the 1992 and 1995 tax years were subsequently recorded on February 15, 2001.

A tax lien for the 1992 tax year was filed against Welch on December 14, 2001. In September 2007, the IRS issued a "Final Notice of Intent to Levy" for the 1992 and 1995 tax years.[1] Appellant, represented by the accounting firm Press Schonig, requested a Collection Due Process Hearing with the IRS to protest the filing of the Final Notice of Intent to Levy. The IRS denied the petition for relief. A tax lien for the 1995 tax year was filed against both appellants in June 2008.

On July 11, 2008, appellants filed a petition in the Tax Court seeking removal of the assessments and cessation of all collection activities. In order to complete an apartment sale while their petition was pending, appellants paid $142,277.55 with respect to the 1992 lien and $725,205.28 with respect to the 1995 lien, for a total of $867,482.83, in October 2008. On March 31, 2009, the Tax Court summarily dismissed the appellants' petition as moot since payment on the assessment had been made.

---

[1] No explanation is given for the delay between the 2001 tax lien and the 2007 levy notice.

On May 7, 2009, appellants filed two Form 1040X's with the IRS, seeking a refund of the $867,482.83 in tax deficiencies paid for tax years 1992 and 1995. After more than six months elapsed from filing the Forms 1040X, on December 28, 2009, appellants filed suit in the Court of Federal Claims seeking a refund of the full $867,482.83, alleging overpayment under I.R.C. § 6401(a) on grounds that the deficiencies were both assessed after the expiration of the governing statute of limitations. The Court of Federal Claims had jurisdiction under 28 U.S.C. § 1346(a)(1) and § 1491(a)(1).

After the close of discovery, the parties filed cross-motions for summary judgment on whether the IRS properly mailed statutory notices of deficiency for the tax years 1992 and 1995 before December 31, 2000. The parties argued that this issue would be determinative of appellants' claims because, if notices of deficiency were mailed before the running of the statute of limitations, those mailings would thereby extend the statute of limitations for assessing appellants' income tax. The parties agreed that the assessments were timely even if the statutory notices were never received, as long as they were timely sent.

On May 3, 2011, the Court of Federal Claims granted summary judgment to the government and denied summary judgment to appellants, finding that "[the IRS] has demonstrated as a matter of law that it mailed the notices of deficiency for the 1992 and 1995 tax years." Specifically, the Court of Federal Claims determined the IRS procedure in Manhattan to consist of the following: (1) an appeals officer decides to issue a statutory notice of deficiency and personally delivers the case to the Appeals Processing Section; (2) the appeals officer enters the preparation of the notice into his or her case activity record; (3) the tax examiner then issues the statutory

notice of deficiency, date stamping the notice and noting the ninety-day default date by which the taxpayer must petition the Tax Court; (4) the notice is then sent to the address listed in taxpayer's file. The Court of Federal Claims concluded that the existence of the ACM indicated compliance with procedural steps (1) and (2). With regard to steps (3) and (4), the court noted that appellants' file at the IRS contains a date-stamped notice of deficiency for 1992 with the correct address and date of default. Additional documentation, in the form of mail return-receipt cards and a computer-generated control card with tax amounts matching that listed on the Certificates of Assessments and Payment, were also cited by the Court of Federal Claims as additional supporting documentation.[2] The Court of Federal Claims found that this evidence collectively raised a presumption that the IRS had acted with official regularity and that the appellants did not contradict that presumption.

On these grounds, the Court of Federal Claims found the statute of limitations tolled and collection of deficiencies for both tax years valid. Citing *United States v. Zolla*, 724 F.2d 808, 810 (9th Cir. 1984), the court noted that "[t]he IRS is entitled to a presumption of official regularity if it can produce a Form 3877 and a date-stamped copy of the notice of deficiency." *Welch v. United States*, 98 Fed. Cl. 655, 659 (2011). The court went on to find that, even "[w]here the IRS is unable to produce these two documents it can raise the same presumption by establishing that it followed a set procedure with

---

[2] The Court of Federal Claims found sufficient proof of mailing for the 1992 notice without this additional documentation. The return-receipt cards and computer-generated control card were relied upon by the Court of Federal Claims for the 1995 notice, but are also applicable to the 1992 notice.

respect to the taxpayers and providing corroborating documentation." *Id.* (citing *United States v. Ahrens*, 530 F.2d 781, 785 (8th Cir. 1976)). Finding that the Manhattan IRS office both established its own procedure and provided corroborating documentation showing this procedure was followed, the Court of Federal Claims determined that the IRS had established, as a matter of law, that it mailed the statutory notices of deficiency for 1992 and 1995 on September 11, 2000.

Appellants timely appealed. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(3).

## DISCUSSION

We review the Court of Federal Claims's grant of summary judgment *de novo*, with justifiable inferences drawn in favor of the party opposing the judgment. *Adams v. United States*, 471 F.3d 1321, 1324 (Fed. Cir. 2006). We address the relevant legal framework, and then turn to the evidence presented by the government in support of its contention that notices of deficiency were timely mailed.

## I.

Section 6203 of the I.R.C. provides that a tax assessment "shall be made by recording the liability of the taxpayer in the office of the Secretary in accordance with rules or regulations prescribed by the Secretary." Under § 6501(a), the IRS is generally required to assess a tax within three years after a tax return is filed. This limitations period may be extended by mutual agreement of the taxpayer and IRS, as was done by the parties here to December 31, 2000. I.R.C. § 6501(c)(4)(A). The assessment limitations period is also tolled when the IRS mails a statutory notice of deficiency to the taxpayer under § 6212(a). *Id.* § 6503(a). The assessment limitations period

is tolled for ninety days once the notice has been sent to allow the taxpayer to petition the Tax Court, and then for an additional sixty days if the taxpayer has failed to make such a petition. *See id.* §§ 6213(a), 6503(a). Once an assessment has been made within the limitations period, the assessed tax may be collected by levy or by court proceeding. *Id.* § 6502(a). If the IRS fails to properly assess the tax, the taxpayer is relieved of the obligation to pay the tax. *See id.* §§ 6213(a), 6401(a).

Section 6212(a) provides that the IRS may "send notice of such deficiency to the taxpayer by certified mail or registered mail." To be effective, actual receipt of the notice of deficiency by the taxpayer is not required. *See, e.g.*, *Keado v. United States*, 853 F.2d 1209, 1211-12 (5th Cir. 1988); *Cohen v. United States*, 297 F.2d 760, 772 (9th Cir. 1962) ("We think it clear that the Congress, when it 'authorized' service by registered mail, did not intend to require actual receipt by the addressee of the letter. Rather, it permitted the use of a method of giving notice that would ordinarily result in such receipt."). *See also Tadros v. Comm'r*, 763 F.2d 89, 91 (2d Cir. 1985); *Zolla*, 724 F.2d at 810. But the government must present competent and persuasive evidence that the statutory notice of deficiency was actually mailed to the taxpayer on a particular date before it can rely on a mailing to toll the statute of limitations. *Epstein v. Comm'r*, 58 T.C.M. (CCH) 128 (T.C. 1989); *see also Keado*, 853 F.2d at 1214 ("failure to comply precisely with each aspect of each procedure is irrelevant if the evidence adduced is sufficient to prove mailing").

Furthermore, while § 6212(a) mentions use of certified or registered mail for sending notice, courts have held that other methods, such as regular mail or hand delivery, may be used. *Munz v. Comm'r*, 61 T.C.M. (CCH) 2412 (T.C. 1991) ,*aff'd, Munz v. Comm'r*, 972 F.2d 1341

(9th Cir. 1992). "Such methods, however, must provide the taxpayer with actual notice of the Commissioner's determination to be sufficient under section 6212." *Id.*

The government has the burden of proving that notice was sent to the taxpayer. *See, e.g.*, *O'Rourke v. United States*, 587 F.3d 537, 540 (2d Cir. 2009); *Pietanza v. Comm'r*, 92 T.C. 729, 736-37 (T.C. 1989) *aff'd*, 935 F.2d 1282 (3d Cir. 1991) *acq. in part and nonacq. in part recommended by* 1991 WL 771260 (May 23, 1991). To facilitate compliance with this burden, the Internal Revenue Service Manual section 4.8.9.9.3, "Records of Mailing," provides that the record of certified and registered mailing should be kept on PS Form 3877 together with the certified/registered mail numbers, which are supplied by the United States Postal Service. Specifically, the Manual states that each PS Form 3877 is to be labeled with, "Notices of Deficiency, for the years indicated, have been sent to the following taxpayers." Certified/registered mail numbers of each individually mailed notice are recorded on the form, along with the name and address of each addressee. Multiple addresses are separately entered. In the "Remarks" column of PS Form 3877, the tax years to which the notice is applicable is entered. At the Post Office, the postal employee will compare the certified/registered mail number of each notice against the number recorded in PS Form 3877, and subsequently sign and date PS Form 3877.

## II.

On appeal, appellants contend that the IRS failed to present evidence that it timely mailed notices of deficiency for tax years 1992 and 1995, and that therefore, the IRS failed to establish that assessment of those deficiencies fell within the statute of limitations. In particular, appellants argue that the failure of the IRS to

produce a PS Form 3877, or the information contained on PS Form 3877 in a different format, for either notice of deficiency is dispositive. The government does not contend that PS Form 3877 was properly completed here; indeed, it concedes that there is no evidence that, despite recommendation by the Internal Revenue Manual, that the Manhattan Appeals Office even used PS Form 3877 during the relevant timeframe. Instead, the IRS argues that a PS Form 3877 is not necessary in all circumstances and that its production of a date-stamped notice of deficiency, certified mail return-receipt cards, and a computer generated control card matching the amounts listed on the Certificates of Assessment and Payment is otherwise sufficient to support its contention that notices of deficiency had been mailed to the appellants. We focus our analysis, accordingly, on whether the evidence presented by the government—which did not include use of a PS Form 3877 or its equivalent—is sufficient to demonstrate timely mailing of a notice of deficiency.

## III.

While adherence to Manual procedures in mailing statutory notices is presumptive proof of mailing, strict compliance has not been legally required by other circuits. *See, e.g.*, *Keado*, 853 F.2d at 1214. Other courts addressing the issue have used a two-prong inquiry when examining the IRS's claims that a notice of deficiency has been sent. *See O'Rourke*, 587 F.3d at 540-41; *Coleman v. Comm'r*, 94 T.C. 82, 91-92 (1990); *see also Keado*, 853 F.2d at 1214; *Zolla*, 724 F.2d at 810; *Ahrens*, 530 F.2d at 784-86. First, where the IRS has (1) established the existence of a notice of deficiency and (2) produced a properly completed PS Form 3877 certified mail log, it is entitled to a presumption of mailing, and the burden shifts to the taxpayer to rebut that presumption by clear and convincing evidence. *See, e.g., O'Rourke*, 587 F.3d at 540-41;

*Coleman v. Comm'r*, 94 T.C. 82, 91-92 (1990). Second, in the absence of proof of a notice of deficiency and a properly completed Postal Form 3877 certified mail log, the IRS may meet its burden with evidence that is "otherwise sufficient." *See, e.g., O'Rourke*, 587 F.3d at 540-41; *Coleman v. Comm'r*, 94 T.C. 82, 91-92 (1990). While we believe this framework is sound generally, it still begs the question of what evidence is "otherwise sufficient" for these purposes.

A review of other courts' analyses of the sufficiency of the evidence presented to establish timely mailing of a notice of deficiency provides a helpful background to the standard we apply here. In *O'Rourke*, the government possessed an incomplete copy of the notice of deficiency, as well as an improperly filled-out PS Form 3877. 587 F.3d at 540-41. Although the defects in each piece of evidence did not entitle the government to a presumption of mailing under the first part of the inquiry, the Second Circuit held that the incomplete notice and PS Form 3877 were "otherwise sufficient" under the second part of the inquiry to establish proof of mailing. *Id.* at 541-42.

The Eighth Circuit in *Ahrens* conducted a similar analysis, also finding in favor of the government. In contrast to *O'Rourke*, all copies of the notice of deficiency in *Ahrens* had been lost. *Ahrens*, 530 F.2d at 784-85. The government did, however, produce a properly filled-out Form 3877, which the court considered highly probative evidence that a notice of deficiency was mailed to the taxpayer. *Id.* at 784. Additionally, the government showed the existence of a deficiency notice through deposition testimony of the taxpayer's attorney, who recalled receiving a copy of the notice, as well as through correspondence between the taxpayer and his attorney. *Id.* at 783, 785. Only the validity of the notice's contents was therefore in question. In the absence of evidence to the

contrary, the court concluded that the contents of the notice could be presumed via the presumption of official regularity that attached upon mailing of the notice. *Id.* at 785-86.

In *Keado*, the Fifth Circuit found proof of mailing of the notice based upon: (1) an undated copy of the actual notice; (2) an affidavit regarding IRS mailing procedures in Dallas; (3) a receipt for certified mail (PS Form 3800) indicating that a certified letter with the number P727358276 was sent to the taxpayers' home address; (4) a deficient PS Form 3877-A also indicating that certified letter P727358276 was sent to the taxpayers' home address; and (5) an affidavit explaining that PS Forms 3800 and 3877-A were used exclusively for mailing notices of deficiency. 835 F.2d at 1214.

In *Zolla*, the IRS destroyed all copies of the deficiency notices per established routine. The government did, however, offer a completed Form 3877 certifying that the notices of deficiency were mailed, as well as an IRS form certifying that taxes and penalties had been assessed. In light of the taxpayer's failure to offer any contrary evidence, the Ninth Circuit held that Form 3877 and the certification of tax assessment were highly probative, and found proof of mailing. *Zolla*, 724 F.2d at 810-11.

The Tax Court has looked for similarly corroborating evidence to evince proof of mailing when a Form 3877 was either incomplete or missing. Thus, in *Coleman*, 94 T.C. at 91-93, the tax court found the following sufficient to establish mailing of notice of deficiency: (1) existence of the actual notice, (2) habit evidence as to mailing procedure, (3) a partially deficient Form 3877, and (4) properly completed Forms 3877 immediately preceding and following the deficient form. *See also Stein v. Comm'r*, 60 T.C.M. (CCH) 211 (1990) (where the evidence for the

government included: (1) a copy of the deficiency notice; (2) procedural testimony of mailing procedures at the Laguana, CA IRS office; and (3) a copy of a certified mail list similar to, and performing the same function as, Form 3877).

In *Pietanza*, the government produced only a PS Form 3877 and a sample draft of the deficiency notice. 92 T.C. 733. There, the Tax Court found that this evidence did not support a conclusion that notice had been properly mailed, because the government had the burden of establishing the existence of a deficiency notice in addition to its date of mailing. *Id.* at 736. Similarly, in *Butti*, the government offered no procedure evidence to prove notice creation, nor provided any corroborative documentation since the administrative file was lost. *Butti v. Comm'r*, 95 T.C.M. (CCH) 1321 (2008). Aside from a completed PS Form 3877, an IRS Appeals officer's testimony that he saw a copy of the deficiency notice was the only supporting evidence offered by the government. *Id.* The court found itself bound by its precedent in *Pietanza* and ruled in favor of the taxpayer. *Id.*

Using these decisions for general guidance, we structure the following standard for determining whether the evidence submitted by the IRS is sufficient to demonstrate timely mailing of a notice of deficiency. First, we find that the government bears the burden of proving proper mailing of a notice of deficiency by competent and persuasive evidence. *Butti*, 95 T.C.M. (CCH) 1321, at *3; *Coleman*, 94 T.C. at 90. Next, where the IRS has (1) established the existence of a notice of deficiency and (2) produced a properly completed PS Form 3877 certified mail log it is entitled to a presumption of mailing, and the burden shifts to the taxpayer to rebut that presumption by clear and convincing evidence. *See, e.g.*, *Ahrens*, 530 F.2d at 784-86. In the absence of a properly completed PS

Form 3877, where the existence of a notice of deficiency is not in dispute, the government must come forward with evidence corroborating an actual timely mailing of the notice of deficiency. The evidence presented to prove timely mailing may include documentary evidence as well as evidence of mailing practices corroborated by direct testimony. *See e.g.*, *Byk v. Comm'r*, 46 T.C.M. (CCH) 1189 (1983) (explaining that, when a Form 3877 is not available, mailing of a deficiency notice in compliance with I.R.C. § 6212(b) may be established "as any other pertinent fact by other competent evidence such as the testimony of [the IRS's] agents"). *See also Butti*, 95 T.C.M. (CCH) 1321, at *2; *Coleman*, 94 T.C. at 90. But that evidence must directly corroborate the mailing of the specific notice of deficiency at issue on a date certain.

Where the parties dispute the existence of the notice of deficiency itself, the government bears the burden of establishing both the existence of the notice itself, as well as timely mailing of that specific notice. *See, e.g.*, *Zolla*, 724 F.2d at 810; *Ahrens*, 530 F.2d at 784-86. Evidence of a mere mailing absent corroboration that the notice of deficiency was actually created is insufficient to meet the government's burden. *Pietanza*, 92 T.C. 729; *Butti*, 95 T.C.M. (CCH) 1321. Thus, where the existence of a notice is not in dispute, the presumption of official regularity can be invoked to establish the validity of the notice's contents. *See Coleman*, 94 T.C. at 91. *See also Zolla*, 724 F.2d at 810. And, when a PS Form 3877 or substitute is used, the presumption of official regularity can be invoked to establish mailing. *See, e.g.*, *Coleman*, 94 T.C. at 91 But, the presumption does not extend to the existence of the notice itself, or to mailing in the absence of a PS Form 3877 or its substitute. *See, e.g.*, *Ahrens*, 530 F.2d at 785.

IV.

We now apply these principles to the 1992 assessment. Appellants contend that, "when the Service does not have both a copy of the statutory notice and Form 3877, the courts have almost always held that the Service has not met its burden of proof." Appellants' Brief at 16. Although a copy of the 1992 notice exists, because the government can only provide mail return-receipt cards and not a PS Form 3877, appellants argue the government's proof is insufficient. According to the government, return-receipt cards signed for by Nath Gosh on September 14, 2000,[3] in conjunction with the testimony of Neshell Fowler-Moore, the Lead Tax Examiner for Appeals in the IRS's Manhattan office, stating that notices of deficiency are sent by certified mail and that those cards would correspond to "the only certified mail sent to these taxpayers in 2000," are sufficient to uphold the Court of Federal Claims' ruling. The government also points to other corroborating evidence, including: the ACM; the declaration of Fowler-Moore regarding Manhattan IRS office mailing procedures; the computer-generated control card for appellants; a copy of the actual notice of deficiency for the 1992 tax year; and an associated transmittal letter to Roseman, explaining to him that the 1992 notice had been sent to his client.

Here, because the government possesses a copy of the 1992 notice of deficiency, to demonstrate timely mailing the government need only produce a completed Form 3877 or otherwise sufficient documentation of certified mailing. While the government concedes that the Manhattan IRS office did not follow the procedure regarding proof of mailing described in the IRS Manual, and cannot

---

[3] At oral argument, counsel for appellants represented that Mr. Gosh is a resident of appellants' building.

produce a PS Form 3877 for the 1992 tax year notices, we find the evidence submitted is sufficient to corroborate mailing of the 1992 notice of deficiency prior to the expiration of the statute of limitations.

As discussed above, the failure of the IRS to adhere to the procedure outlined in the IRS Manual does not automatically render a notice of deficiency ineffective. *See Keado*, 853 F.2d at 1214 ("Procedures or rules adopted by the IRS are not law . . . failure to comply precisely with each aspect of each procedure is irrelevant if the evidence adduced is sufficient to prove mailing."). Although appellants correctly claim that the return-receipts do not indicate the content of the mailed correspondence, Fowler-Moore's declaration, the date on the return-receipt cards—September 14, 2000—and the corresponding letter to Roseman, all tie the return-receipt cards to the 1992 statutory notice of deficiency, and establish mailing on September 11, 2000.[4] The evidence leads to the justifiable inference that the 1992 notice of deficiency was timely mailed.

The appellants' reliance on *United States v. Wright*, 658 F. Supp. 1 (D. Alaska 1986) to defeat this conclusion is misplaced. In *Wright*, much of the taxpayers' file was lost or discarded. *Id.* at 2. The IRS attempted to establish proof of mailing with only: (1) a date-stamped copy of the deficiency notice and (2) a memorandum written by the IRS appeals officer who met with the taxpayers. The memorandum was written five years later, and only noted

---

[4]    The appellants correctly point out that other evidence presented here, such as the Appeals Case Memorandums or Certificates of Assessments and Payments, offer limited probative value in this case as to whether a certified mail letter was actually prepared and sent to taxpayers.

that the now-lost administrative file indicated the deficiency notice was returned as undeliverable. *Id.* The court found that the two pieces of evidence were not sufficient to prove mailing. Similarly, in *Magazine v. Commissioner*, 89 T.C. 321 (1987), the Tax Court found for the taxpayer where no direct evidence of mailing was entered and the government could only offer habit evidence as to mailing procedure. Both cases are inapposite to the situation here, where the government offered far more evidence of mailing. For these reasons, we affirm the Court of Federal Claims' judgment in favor of the government to the extent that judgment relates to the tax year 1992.

## V.

The parties' arguments with respect to the 1995 notice mirror those asserted for the 1992 notice. Unlike the evidence presented for the 1992 tax year, however, no copy of a 1995 notice of deficiency was presented, nor is there any transmittal letter to the appellants' representative informing him that one was sent to Welch and de Losada. As noted above, for the government to meet its burden of proof in the absence of a copy of the notice, it must offer sufficiently corroborative evidence in the form of testimony, correspondence, habit evidence, or otherwise, both of the existence of the notice of deficiency and of timely mailing. *See, e.g., Zolla*, 724 F.2d 808; *Ahrens*, 530 F.2d at 784–86.

No such corroborative evidence for the 1995 notice of deficiency was presented here. Instead, the government offers evidence in the form of: (1) testimonial evidence from Fowler-Moore regarding internal IRS procedure for notice preparation at the Manhattan office, (2) Appeals Case Memorandums indicating that a statutory notice was approved, (3) computer control cards suggesting a

1995 notice existed, and (4) the two postal return-receipts. The government's reliance on Fowler-Moore's declaration in connection with the computer control cards is misplaced. The declaration establishes—at best—that *a* statutory notice was created and mailed on September 11, 2000. And as discussed above, the evidence points to that being the 1992 notice of deficiency. Nothing in Fowler-Moore's declaration is sufficient to tie any reference to the 1995 tax deficiency on the computer cards to a notice of deficiency for 1995, or timely mailing of that notice. There is no evidence that the computer control cards relied on by Fowler-Moore were generated contemporaneously with the purported mailing of the 1995 notice of deficiency, and the cards themselves arguably relate only to the 1992 tax year. Appellants assert that notation of "KEYPER: 199212" at the top of the control card indicates that the computer entry itself references a "key period" of the 1992 tax year. JA171. This is arguably corroborated by the notation on the transmittal letter for the 1992 notice of deficiency that the relevant tax period for that notice ended "9212." JA188. The government offered no competent testimony to rebut appellants' contention.

Thus, even assuming the evidence is sufficient to prove that a 1995 notice of deficiency was approved and that the IRS intended to create it, only the return-receipt cards are potential proof that such a notice actually existed and was mailed. As appellants correctly argue, the government offers no way to cross-reference the return-receipts with whatever letter or correspondence it accompanied. Fowler-Moore's testimony can only establish that some form of certified mail was sent to appellants on September 11, 2000. In the absence of evidence establishing a connection between the return-receipt cards and a particular document, the parties can do no

more than speculate as to the letters' contents. One receipt is addressed only to Welch, the other only to de Losada. According to the government, because Welch filed singly for the 1992 tax year, a notice of deficiency would have been mailed only to him, and not his wife. Assuming, therefore, that the return-receipt addressed to Welch pertains to the 1992 notice, it follows, according to the government, that the postal receipt addressed to de Losada pertains to the 1995 notice.

But the government provides no explanation as to why the 1995 deficiency notice would be addressed only to de Losada, especially when Welch is the primary taxpayer listed on their 1995 tax return (de Losada was listed as "Spouse"). The government's response at oral argument as to why the cards would be addressed to the secondary taxpayer only was, "Why not? If they are at the same address, it was a joint return, there is no reason why not just to list one of them rather than the two of them." Oral Argument at 18:45. At the same time, however, the government concedes that multiple copies of the 1995 notice, addressed to both Welch and de Losada, would not have been included in a single mailing, thereby asking this court to believe the IRS notified *only* the second listed taxpayer of a deficiency. *Id.* at 19:00. The government's explanations simply are insufficient to support the justifiable inference that the return receipt card addressed to de Losada contained a 1995 notice of deficiency which the government cannot locate and which the government cannot establish was sent to the taxpayers' representative, as it should have been. An equally justifiable— indeed more justifiable—inference is that a copy of the 1992 notice of deficiency was mailed to both Welch and de Losada, separately, because the deficiency related to the

rejection of a proposed adjustment to a tax year, 1995, in which appellants jointly filed.[5]

Based on the evidence presented, the government has failed to demonstrate the existence of the 1995 notice of deficiency and the date of its mailing by competent and persuasive evidence. Both are required before we can find that assessment of the 1995 deficiency occurred within the governing statute of limitations period. *See, e.g.*, *Butti*, 95 T.C.M. (CCH) 1321; *Pietanza*, 92 T.C. 729. The government attempts to rely on the presumption of official regularity to overcome the deficiencies in its proofs, but that reliance is misplaced. Noting that the government had neither a copy of the deficiency notice nor a PS Form 3877 for 1995, the Court of Federal Claims still held that, "[w]here the IRS is unable to produce these two documents, it can raise the same presumption by establishing that it followed a set procedure with respect to the taxpayers and providing corroborating documentation." *Welch*, 98 Fed. Cl. at 659 (citing *Ahrens*, 530 F.2d at 785). This application of the presumption of official regularity is incorrect. In *Ahrens*, the presumption of official regularity was invoked with respect to the validity of the notice's contents, not to the issue of whether a notice was mailed, or whether the notice existed. 530 F.2d at 785. Abstract references to office procedures not tied to either an identifiable notice of deficiency or clear evidence of the mailing of the same are insufficient to give rise to a presumption of official regularity.

Other cases explicitly preclude the use of the presumption of official regularity with respect to a mailing

---

[5]   In contrast, as described above, the only justifiable inference from the existence of the 1992 notice of deficiency and the testimony of Fowler-Moore is that at least one of the return-receipt cards corresponds to the mailing of the 1992 notice of deficiency.

when neither the deficiency notice nor a PS 3877 is produced. *See O'Rourke*, 587 F.3d at 540-41 (holding that a defective PS 3877 does not entitle the IRS to a presumption of mailing); *Butti*, 95 T.C.M. 1321, at *3 ("[W]here, as here, the existence of the notice of deficiency is in dispute, we have previously rejected the Commissioner's reliance on the presumption of regularity based solely on the Form 3877 under circumstances similar to those present here."); *Coleman*, 94 T.C. at 91 ("[W]here respondent relies on imprecise mailing procedures and other corroborative evidence of mailing, the presumption of official regularity does not apply."). Here, the government cannot produce a copy of the 1995 notice, nor can it produce a PS Form 3877, even a defective one. It is not, therefore, entitled to a presumption of official regularity with respect to the existence and mailing of the 1995 notice. The Court of Federal Claims below incorrectly presumed both validity and timely mailing of the 1995 notice of deficiency from its finding that the IRS complied with established procedures. For these reasons, we must reverse the trial court's judgment in favor of the government to the extent that judgment relates to the 1995 tax year.

CONCLUSION

Although the combination of a copy of the 1992 notice and postal return-receipts dated three days after that notice, in combination with a corresponding letter to Welch's representative meet the government's burden of proof of mailing for that tax year, the lack of a 1995 notice and the inability to cross-reference the return-receipts to any specific IRS correspondence simply do not. We therefore affirm the Court of Federal Claims's decision with respect to the 1992 assessment, and reverse with respect to the 1995 assessment. We remand this matter for entry of judgment in favor of Welch and de Losada with respect to the refund they seek for the deficiency paid relating to

the 1995 tax year and any further necessary proceeding consistent with this judgment.